**UNITED STATES**

**v.**

**Airman Leland R. PIPPIN, FR 182–62–7354, United States Air Force.**

**ACM 25307.**

U.S. Air Force Court of Military Review.

17 June 1986.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Captain Timothy J. Malloy and Major G. Michael Lennon, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Captain Joseph S. Kistler and Captain Robert L. Marconi, USAFR.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

**DECISION**

**PER CURIAM:**

This is an appeal from a drug abuse conviction involving cocaine and metham-

---

phetamines in which the appellant contends the convening authority erred by denying his request for a nine day extension to present clemency matters arriving from out-of-state. R.C.M. 1105(c)(1).

The addendum to the Staff Judge Advocate's recommendation concluded the denial was proper because, "No good cause [was] cited in the request." The term "good cause" is not defined in the Rule beyond stating that it "... ordinarily does not include the need for securing matters which could reasonably have been presented at the court-martial." R.C.M. 1105(c)(5). "Good cause" is an elusive term and its meaning should be determined not only by the language of the provision in which it is employed but also by the purpose of the provision. *See Wray v. Folsom*, 166 F.Supp. 390 (D.C.Ark.1958). Submitting clemency matters to the convening authority can be essential because he has total discretion as to what sentence to approve. *United States v. Brooks*, 12 M.J. 558, 559 (A.F.C.M.R.1981). It would seem to follow that a nine day extension to obtain documents not readily available that could potentially mitigate the punishment would fall within the general definition of "good cause" as used in R.C.M. 1105. Of course, the convening authority is vested with broad discretion in deciding what constitutes "good cause" in this context, but that discretion is not unlimited. *See United States v. Brownd*, 6 M.J. 338 (C.M.A.1979). Accordingly, we hold that the convening authority erred in denying the extension without stating why the request did not satisfy the "good cause" requirement of the Rule.

Appellate defense counsel suggest that an appropriate remedy is to return the record to the convening authority for a new recommendation and action after considering the sought after documents. We decline to accept this remedy and conclude in this case the ends of fairness and judicial economy can both be served by sentence reassessment. In this regard we find appropriate only so much of the sentence as provides for a bad conduct discharge, confinement for 10 months, total forfeitures, and reduction to airman basic. The findings of guilty and the sentence, as modified, are

AFFIRMED.