UNITED STATES, Appellee,

v.

Captain Lissa K. JACKSON, 085–54–0477, United States Army, Appellant.

ACMR 8901111.

U.S. Army Court of Military Review.

20 March 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, J.A.G.C., Captain Robin K. Neff, J.A.G.C. (on brief).

For Appellee: Colonel Alfred F. Arquilla, J.A.G.C., Lieutenant Colonel Daniel J. Dell'Orto, J.A.G.C., Captain Martin D. Carpenter, J.A.G.C., Lieutenant Colonel Richard A. Gallivan, J.A.G.C. (U.S.A.R.) (on brief).

Before FOREMAN, SMITH and VARO, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A general court-martial convicted the appellant, contrary to her pleas, of conduct unbecoming an officer by failing to pay a just debt, in violation of Article 133, Uniform Code of Military Justice, 10 U.S.C. § 933 (1982) [hereinafter UCMJ]. Her approved sentence provides for a dismissal from the service.

The appellant now contends that the military judge erroneously denied a motion to dismiss for lack of speedy trial, and the convening authority erroneously refused to grant an extension of time to submit posttrial matters for his consideration. Several additional allegations of error have been brought to our attention in accordance with *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), including an allegation that the military judge abused his discretion by compelling a legal assistance attorney to breach the lawyer-client privilege.

The debt in question was a German telephone bill in the amount of 4,834.43 Deutsche marks. The prosecution presented evidence that on 18 February 1986, the appellant had admitted the debt in writing and promised to pay it in installments of 600 Deutsche marks per month beginning on 15 March 1986, and that on three occasions beginning in October 1987, she was counseled by her supervisors about the debt. The defense presented evidence that the appellant had acted on advice of counsel in refusing to pay the telephone bill.

## I. SPEEDY TRIAL

The appellant was notified of the charges on 20 October 1988 and arraigned on 19 January 1989. The trial on the merits began on 3 April 1989. The appellant argues that the charges should have been dismissed pursuant to Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 707 [hereinafter M.C.M., 1984 and R.C.M.].

The issue in this case is whether two time periods, 22 December 1988 to 30 January 1989 and 9 to 27 February 1988, are chargeable to the government or the appellant. The military judge ruled that they were chargeable to the appellant.

At a docketing session on 19 December 1988, the trial counsel announced that the government was ready to try the case on 22 December 1988. The defense immediately requested and obtained a delay until 30 January 1989. Although a German witness previously had expressed her willingness to travel to the United States for the trial, she expressed reluctance when she was informed of the new trial date on 21 December. On 29 December 1988, the witness informed the prosecution that she refused to appear, citing poor health and the recent terrorist bombing of a Pan American aircraft. On 19 January 1989, the prosecution requested a continuance until 9 February to obtain the deposition testimony of the German witness. Over defense objection, the government was granted a

continuance from 30 January to 9 February 1989. The civilian defense counsel stated that due to previously docketed cases he would be unable to try the case until 27 February. Again over defense objection, the military judge charged the defense with the delay from 9 to 27 February 1989.

█ The military judge found that the trial counsel acted in good faith when he announced his readiness to proceed on 22 December 1988. We hold that the military judge was correct when he ruled that the periods from 22 December 1988 to 30 January 1989 and from 9 February to 27 February were at the request of the defense and therefore excludable from the time chargeable to the government. *United States v. Longhofer*, 29 M.J. 22 (C.M.A.1989).

## II. SUBMISSION OF POST-TRIAL MATTERS

█ The appellant was served with a copy of the staff judge advocate's post-trial recommendation on 9 June 1989. On 19 June, the day her response was due, the appellant requested additional time to prepare her response, in accordance with R.C.M. 1105(c)(1). In her request, appellant stated that she was still gathering information, awaiting letters from unnamed witnesses and awaiting completion of congressional activity related to her case. The convening authority denied appellant's request for a 20-day extension but granted an additional 7 days. In his decision, the convening authority specifically cited the considerable length of time that the accused already had to gather and compile materials and the lack of a particularized explanation why the additional time was needed.

█ The convening authority has broad authority in deciding whether to grant an extension of time under R.C.M. 1105(c)(1). *United States v. Pippin*, 22 M.J. 806 (A.F. C.M.R.1986). We hold that the convening authority did not abuse his discretion.

## III. LAWYER–CLIENT PRIVILEGE

The defense called Captain B, a legal assistance attorney at Fort Lewis, who testified that she advised the appellant of her right to contest the validity of the telephone bill. Captain B wrote two letters to the telephone company asking for proof of a valid debt. Over defense objection, the trial counsel cross-examined Captain B regarding the basis of her advice, and elicited testimony that the appellant had informed Captain B that she had signed a document, written in German, which stated that if the appellant owed the telephone company money she would pay what she owed. Captain B testified further that, after learning that the appellant had signed a contract that included an acknowledgment of the debt, written in English, and an agreement to pay it in installments, and that an administrative enforcement order had been issued, she advised the appellant to pay the debt. The appellant paid the debt on or about 31 December 1988. The appellant now contends that the military judge erred by compelling Captain B to testify about the appellant's privileged conversations with her.

█ Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 502, recognizing the lawyer-client privilege, and Military Rule of Evidence 510, providing for waiver of that privilege, are derived from the federal rules of evidence [hereinafter Mil.R.Evid.]. M.C.M., 1984, Mil.R. Evid. 502 and 510, analysis, A22–35 and A22–40. Waiver of the privilege may be either explicit or implicit. Implicit waiver occurs when the holder of the privilege relies on a legal claim or defense, the truthful resolution of which will require examining the confidential communication. *See generally Lorenz v. Valley Forge Insurance Company*, 815 F.2d 1095, 1098 (7th Cir.1987). Reliance on a defense that the client acted on advice of counsel is an implicit waiver of the privilege. *See United States v. Miller*, 600 F.2d 498 (5th Cir.1979) (defense that securities transactions conducted in accordance with lawyer's advice waived privilege), *certiorari denied*, 444 U.S. 955, 100 S.Ct. 434, 62 L.Ed.2d 327 (1979). *United States v. Mierzwicki*, 500 F.Supp. 1331, 1335 (D.Md.1980) (defense that tax returns were amended on advice of counsel waived privilege).

In this case, Captain B was called as a defense witness to establish that she had advised the appellant of her right to dispute the debt and had dispatched correspondence to the telephone company disputing the validity of the debt. Although Captain B testified that the appellant had not expressly waived the lawyer-client privilege, the obvious purpose of the defense evidence was to establish that the appellant refused to pay the debt on advice of counsel. We hold that this defense tactic implicitly waived the lawyer-client privilege. The military judge correctly allowed the prosecution to rebut the defense evidence by showing that Captain B's advice was based on the appellant's misrepresentation of the facts, and that when Captain B learned the true facts, she advised the appellant to pay the bill. The appellant's claim of a violation of the lawyer-client privilege is without merit.

We have examined the remaining assignments of error personally asserted by the appellant and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Judge SMITH and Judge VARO concur.