**UNITED STATES**

v.

**Airman First Class Ronald COLLINS, FR 253–94–5614 90th Missile Security Squadron Fifteenth Air Force (SAC).**

**ACM 22169.**

U. S. Air Force Court of Military Review.

6 April 1977.

---

7. Supra, note 4.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Lieutenant Colonel Larry G. Stephens.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Gilbert J. Regan.

Before BUEHLER, ORSER and HERMAN, JJ.

## DECISION

ORSER, Judge:

Tried by a general court-martial with members, the accused stands convicted, despite his not guilty pleas, of one offense of selling lysergic acid diethylamide (LSD), and another of wrongfully communicating a threat to injure, in violation of Articles 92 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934. The approved sentence is a bad conduct discharge, confinement at hard labor for one year, forfeiture of $200.00 per month for twelve months and reduction to the grade of airman basic.

In the first of two contentions of error we consider, appellate defense counsel assert:

> THE TRIAL COUNSEL ERRED TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY MAKING AN INFLAMMATORY ARGUMENT ON SENTENCING.

Although we find the trial counsel's remarks improper, for reasons discussed below, we discern no reasonable risk the accused suffered prejudicial harm.

During his presentencing argument, the trial counsel made the following comments:

> Airman Collins, in setting up the sale by establishing the price, quantity, the time and the place, violated basically a trust he has with this base. He was in security. It was his responsibility to protect the most lethal weapons which we have in our arsenal. This is someone who is supposed to be protecting them. And the day before he starts his duties in the [Security Alert Team], he sells LSD.[1]

The boundary lines of fair comment governing the trial counsel in arguing the evidence to a military jury,[2] were well summarized by the United States Court of Military Appeals in *United States v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252, 259 (1956). The Court's counsel bears repeating:

> Trial counsel has the duty of prosecuting a case, and he is permitted to comment earnestly and forcefully on the evidence, as well as on any inferences which can be supported reasonably by the testimony. He may strike hard blows, but they must be fair. *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

---

1. The record shows the accused was a security policeman. He was a member of a team responsible for the security of strategic nuclear missiles.

2. And for that matter, the factors for appellate court evaluation of alleged deviations therefrom.

If his closing argument has a tendency to be inflammatory, we must make certain it is based on matters found within the record. Otherwise it is improper. The issues, facts, and circumstances of the case are the governing factors as to what may be proper or improper. *United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940).

■ The language of *Doctor* both predates and presages the standards adopted by the American Bar Association to govern the conduct of the prosecutor in criminal trials.[3] These standards are fully applicable in trials by courts-martial in the Air Force.[4]

Notwithstanding the excellent guidance provided by *Doctor* and the ABA standards, military prosecutors, in the heat of argument occasionally permit emotion to influence their judgment. To illustrate, the following arguments of trial counsel have been condemned by the Court of Military Appeals as exceeding the bounds of fair comment: an appeal to the court to predicate its verdict upon the probable effect of its action on relations between the military and the civilian community (*United States v. Mamaluy,* 10 U.S.C.M.A. 102, 27 C.M.R. 176 (1959), accord *United States v. Boberg,* 17 U.S.C.M.A. 401, 38 C.M.R. 199 (1968)); an appeal to the court members to equate a victim to a brother (*United States v. Boberg,* supra); urging court members to consider the victim to be their child (*United States v. Wood,* 18 U.S.C.M.A. 291, 40 C.M.R. 3 (1969)); a threat that the court members would be risking contempt or ostracism if they rejected his appeal for a severe sentence (*Id*); suggesting that court members picture themselves as a rape victim's husband who was held in a helpless position while three men raped his wife (*United States v. Shamberger,* 24 U.S.C.M.A. 203, 51 C.M.R. 448, 1 M.J. 377 (1976)); likening a defense witness' tactics to those practiced by Adolph Hitler (*United States v. Nelson,* 24 U.S.C.M.A. 49, 51 C.M.R. 143, 1 M.J. 235 (1975)).

■ Although when compared to the foregoing examples the comments of trial counsel we here review seem rather bland, they were nevertheless improper. True, the remarks had some basis in matters before the court—the accused was assigned to the security police organization and while so assigned sold LSD. However, there was no legitimate inferences to be drawn from such factors that his misconduct violated a special trust. There was simply nothing before the court members to suggest that the fact the accused was assigned to the security police organization was in any manner connected with the offense charged. His sale of LSD was in no demonstrable way facilitated by his status, nor was there any evidence that he abused such status in committing the offense. In short, the trial counsel had no justifiable basis for his argument that the accused's membership in the security police unit (as opposed

---

3. ABA Standards, the Prosecution Function § 5.8 (1971):

Argument to the jury.

(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.

(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict.

4. Air Force Manual 111-1, paragraph 1-11 (2 July 1973):

American Bar Association Standards for Criminal Justice. As far as practicable, and when not inconsistent with the Uniform Code of Military Justice, Manual for Courts-Martial, 1969 (Rev.), and departmental directives, the American Bar Association Standards for Criminal Justice are applicable to courts-martial.

to any other organization) was an aggravating circumstance.

█ Though we have found the trial counsel's comments improper, we do not find them so inflammatory as to mandate a rehearing on sentence. In the first place, the defense counsel did not choose to object to the remarks, a circumstance which normally triggers the doctrine of waiver and precludes an accused from raising a claim of error on appeal. *United States v. Nelson* and *United States v. Doctor,* both supra; *United States v. Pinkney,* 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974). Such defense passivity, incidentally, has also been used as a somewhat reliable indicator of the minimal impact the prosecutor's remarks made on the court members. *United States v. Nelson,* supra; *United States v. Saint John,* 23 U.S.C.M.A. 20, 48 C.M.R. 312 (1974); *United States v. Ryan,* 21 U.S.C.M.A. 9, 44 C.M.R. 63 (1971). Furthermore, we do not believe the trial counsel's words were so inflammatory as to activate the military judge's legal duty to intercede on a *sua sponte* basis to neutralize their impact. *United States v. Nelson* and *United States v. Pinkney,* both supra; see *United States v. Graves,* 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975); see also *United States v. McGee,* 23 U.S.C.M.A. 591, 50 C.M.R. 856, 1 M.J. 193 (1975).

As a final consideration, the sentence adjudged was far less than the maximum authorized and the charges themselves were of a serious nature. And, as a legitimate aggravating factor, the court members were presented evidence that the accused had previously been punished under Article 15, Code, supra, for three instances of failure to report to assigned duties and a failure to obey an order. Consequently, we perceive no fair risk that the trial counsel's remarks had any measurable effect on the court members' determination of an appropriate sentence.

In their remaining assertion of error, appellate defense counsel claim:

THE STAFF JUDGE ADVOCATE ERRED IN PREPARING THE POST-TRIAL ADVICE WHEN THE PRETRIAL ADVICE PREPARED BY HIM WAS CHALLENGED AT TRIAL.

█ In support of this contention counsel cite the United States Court of Military Appeal's recent decision, *United States v. Engle,* 24 U.S.C.M.A. 213, 51 C.M.R. 510, 1 M.J. 387 (1976). In *Engle,* the defense counsel made a trial motion for a new advice on the basis that the existing one contained a material misstatement of the evidence and omitted mention of other matters that could have affected the judgment of the convening authority. The military judge denied the motion. After trial, the same staff judge advocate who had prepared the pretrial advice authored the post-trial review. In it, he informed the convening authority that the initial advice was not defective and that the accused had made no showing of prejudice sufficient to warrant a new pretrial advice.

Although the Court was of the view that in the usual case, preparation of the pretrial advice would not *per se* disqualify a staff judge advocate from participation in the post-trial review, it nevertheless held that the defense challenge to the sufficiency of the advice was disqualifying. Said the Court:

To review the accused's challenge of the correctness of the denial of his motion for a new pretrial advice, the staff judge advocate, necessarily, had to deal not just with his previous legal opinions, but with the factual sufficiency of his own earlier work. "Human nature being what it is" we said in *United States v. Renton* [8 U.S.C.M.A. 697, 701, 25 C.M.R. 201, 205 (1958)], "the very fact of being called upon to condemn or countenance one's own workmanship cannot create a healthy outcome and less so when the outcome concerns the accused's denial of substantial rights."

1 M.J. at page 389, footnotes omitted.

During the trial of the present case, as in *Engle,* the defense counsel challenged the sufficiency of the pretrial advice. The military judge denied the motion. Following trial, the same staff judge advocate who

authored the pretrial advice prepared the post-trial review. The staff judge advocate advised the convening authority that the defense motion was wholly without merit, and, in spite of the *Engle* case, he was not disqualified from reviewing the case. Having carefully evaluated the circumstances, we agree.

Here, trial defense counsel alleged the pretrial advice was deficient on the ground it misstated pertinent facts. Counsel specifically charged that the following sentence in the advice inaccurately represented evidence adduced during the Article 32 investigation: [5]

> The accused then stated that he would have the microdot acid at Barracks 838 after 1300 and that Airman Meyer could get it from "that guy," the one with the "blue stocking cap." [Elsewhere identified as Jones.]

Counsel averred that the foregoing recitation erroneously implied to the convening authority that the accused was the active participant in the sale of the LSD and that the other individual, Jones, was merely an agent, the conduit through whom the sale was to be made. This misrepresented the accused's actual role in the transaction, continued counsel, and may have materially affected the convening authority's decision respecting whether or not to refer the charge to trial, as well as the appropriate forum to which it should be referred.

As correctly pointed out by the staff judge advocate in his review, the defense contention was based on a sentence in the advice lifted totally out of context. Following that sentence, the advice continues:

> Although the accused was not physically present at the time of the sale, his involvement prior thereto was extensive. He determined the date, time, place and price. He arranged to have the drugs available for sale. One who counsels, commands, or procures another to commit an offense subsequently perpetrated in consequence of that counsel, command, or procuring, is a principal whether he is present or absent at the commission of the offense.

Furthermore, and as also noted by the staff judge advocate, the specific comment singled out by the defense as being a misstatement is substantially a verbatim recitation of Meyer's testimony at the Article 32 investigation.

We conclude that the advice, both considered as a whole and in its highlighted specifics, described with substantial verity and clarity the indicated evidence concerning the accused's involvement in the sale of LSD. The defense motion was therefore totally devoid of merit and was properly denied. On that same basis, we further conclude the staff judge advocate was not disqualified from participating in the post-trial review.

We are in total accord with the staff judge advocate that *Engle* does not stand for the proposition that any courtroom challenge to the adequacy of the pretrial advice automatically disqualifies the advice author from participation in the post-trial review. To so strictly construe the *Engle* rule would do no more than erect a thoroughly artificial barrier in the path of speedy appellate disposition of cases. It would correspondingly contribute nothing of substance to the ultimate objective of the process—the assurance of a fair and orderly review of trial proceedings. See *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974); *United States v. Cruz-Rijos,* 24 U.S. C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976). The analysis and reasoning by the staff judge advocate in his excellent review in this case perfectly mirrors our own view of the intended application of *Engle.* We accordingly adopt his discussion *in toto* and find it fitting to showcase it verbatim in this decision:

> Ordinarily, a staff judge advocate is disqualified to prepare the post-trial review when he has prepared a pretrial advice, the sufficiency of which was challenged at trial, and in the review is required to judge the correctness of a trial ruling sustaining the sufficiency of his own ear-

---

5. Article 32, Uniform Code of Military Justice, 10 U.S.C. 832.

lier work. *United States v. Engle* [supra]. But the *Engle* rule cannot be extended to the instant case, where the motion was so obviously frivolous that its rebuttal required no legal arguments or fine judgments, but simply a recital of clearly established facts. To hold *Engle* applicable in such a case would be to extend to the defense, in effect, the absolute right to peremptorily dismiss from the post-trial review of every case the original convening authority and his staff judge advocate, simply by raising a frivolous, *pro forma,* or even mischievous challenge to the pretrial advice. To interpret *Engle* thus would inject into the court-martial system a disruptive factor providing no discernible benefit to the accused and serving no other legitimate purpose. The only common sense interpretation of *Engle* is that, for its rule to be applicable in a given case, the challenge to the advice must meet a threshold of substantiality, short of which no disqualification of the convening authority or his staff judge advocate results. Although in some cases it may be difficult to determine whether this threshold has been passed (in which case prudence would dictate disqualification), it is clear that a challenge which is wholly, and obviously, lacking in merit is, *ipso facto,* insubstantial.

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

BUEHLER, Senior Judge, and HERMAN, Judge, concur.