**UNITED STATES**

v.

**Airman First Class William A. MOORE, Jr., FR 226–96–4029, United States Air Force.**

**ACM S24636.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 June 1978.

Decided 27 Nov. 1978.

---

662

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Patrick A. Tucker.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain W. Alan Woodford, USAFR.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

ARROWOOD, Judge:

At his trial by special court-martial, the accused pleaded guilty to selling one bag of marijuana to an Air Force Office of Special Investigation's informant for ten dollars, in violation of Article 134; Uniform Code of Military Justice, 10 U.S.C.A. § 934. He was sentenced to be discharged with a bad conduct discharge, to be confined at hard labor for four months, to forfeit $265.00 per month and four months, and to be reduced to the grade of airman basic.

Appellate defense counsel contend that trial counsel's argument on sentence was inflammatory and improper.

During his presentencing argument, trial counsel made the following comments:

. . . There is the accused himself. He worked in our hospital here at Sheppard Air Force Base, an institution dedicated to preserving life and health, an institution which is dedicated to preserving the readiness of the combat forces in the United States and those that serve with them, our dependents. A hospital is a place where, among other things, drugs are used to serve mankind; all nature of legal drugs can be found there for certain legitimate useful purpose. What we have here is a very different kind of use of drugs, a particularly shocking use of drugs for someone employed in that context, a person who should know better.

Third, there is the ultimate purchaser of the drug. In this case, the purchaser happened to be a source, working for a law enforcement agency, the OSI. But in how many other cases have people been

purchasers who, may have been more naive, who have stumbled across drugs, readily available for sale from someone like the accused, who have been coaxed and goaded into breaking the law, not once, but twice. Not only does the purchaser not know what he or she is getting for sure, the purchaser may be inviting an unseen danger because there is no representation made as to the quality of drug received. I think you are all familiar with news stories and items that have been related to things like paraquat and other adulterants which are sometimes found as a by-product in a transaction of marihuana. More importantly, how many of you go home at night wishing, hoping that none of your subordinates, none of the members of your family, a son, a daughter, some other relative meets with someone like the accused who has some ready drugs for sale?

■ Boundary lines of fair comment governing arguments of counsel are set out in *United States v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252, 259 (1956). The rule bears repeating:

Trial counsel has the duty of prosecuting a case, and he is permitted to comment earnestly and forcefully on the evidence, as well as on any inferences which can be supported reasonably by the testimony. He may strike hard blows, but they must be fair. *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). If his closing argument has a tendency to be inflammatory, we must make certain it is based on matters found within the record. Otherwise it is improper. The issues, facts, and circumstances of the case are the governing factors as to that may be proper or improper. *United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940).

The application of the rule in several cases by the Court of Military Appeals and this Court where trial counsel's argument was held to be improper has a direct bearing on the case at hand.

In *United States v. Boberg,* 17 U.S.C.M.A. 401, 38 C.M.R. 199 (1968), the trial counsel appealed to the court members to equate the victim to a brother. Later in *United States v. Wood,* 18 U.S.C.M.A. 291, 40 C.M.R. 3 (1969), the members were asked to consider the victim to be their child. In a more flagrant case, trial counsel suggested that the members picture themselves as a rape victim's husband who was held in a helpless position while three men raped his wife. *United States v. Shamberger,* 1 M.J. 377 (C.M.A.1975). The Court also held in *United States v. Nelson,* 1 M.J. 235 (C.M.A. 1975), that likening a defense witness' tactics to those practiced by Adolph Hitler was both inflammatory and based upon a matter not within evidence.

This Court in *United States v. Collins,* 3 M.J. 518 (A.F.C.M.R.1977), held it improper for counsel to argue that, the accused, a Security Alert Team member, had violated a trust to his base by selling drugs, when there was no evidence that his misconduct had anything to do with his duties as a member of the team.

■ Trial counsel's argument, in regard to the accused's duty assignment to the hospital, clearly implied that the assignment was an aggravating factor the court should consider in determining sentence. Even though it is true that the accused was assigned to the hospital when the sale of marijuana was made to the informant, there is no evidence that the assignment was in any way connected to the sale. The sale of marijuana was not facilitated by his position, nor did he abuse such status in committing the offense. The trial counsel had no justifiable basis for inferring that "employment in that context" created a requirement for a higher standard of conduct for the accused than would assignment to any other organization. *United States v. Collins,* supra.

The second portion of trial counsel's argument in which he related the horrors of drug sales to naive victims on more than one occasion was similarly improper. There is no evidence in the record that would suggest the accused ever sold to anyone other than the informant. *United States v. Sitton,* 4 M.J. 726 (A.F.C.M.R.1977). Nor

can a legitimate inference be drawn that the accused was ever involved in transactions where he could be characterized as the villain painted by the trial counsel. *United States v. Nelson,* supra.

Trial counsel's reference to the court member's relatives asked them to, in effect, picture members of their family as victims of the offense. Comments such as this have been repeatedly held inflammatory when, as in this case, they are not supported by the record. *United States v. Boberg, United States v. Wood, United States v. Shamberger,* all supra.

■ Though we find the trial counsel's comments improper, we do not find them so inflammatory as to mandate a rehearing on sentence. Even though defense counsel later objected to trial counsel's reference to "victims" of the offense, he did not object to the remarks discussed above. Failure to object normally triggers the doctrine of waiver and precludes an accused from raising a claim of error on appeal. *United States v. Nelson* and *United States v. Doctor,* both supra; *United States v. Pinkney,* 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974). Such inaction by defense counsel may also be considered an indicator of the minimal impact the trial counsel's remarks made on the court members. *United States v. Nelson,* and *United States v. Collins,* both supra; *United States v. Saint John,* 23 U.S.C. M.A. 20, 48 C.M.R. 312 (1974). Furthermore, we do not believe the trial counsel's words were so inflammatory as to activate the military judge's duty to intercede on a *sua sponte* basis to neutralize their impact. *United States v. Nelson* and *United States v. Pinkney,* both supra. See *United States v. Graves,* 1 M.J. 50 (C.M.A.1975).

However, since there were no aggravating factors presented to the court members and the sentence approached the maximum permitted by the special court-martial, we will in an abundance of caution, reassess the sentence in light of these errors and the entire record.

The remaining assignment of error is without merit.

Accordingly, the findings of guilty and only so much of the sentence as provides for a bad conduct discharge and confinement at hard labor for 4 months are

AFFIRMED.

EARLY, Chief Judge, HERMAN and ORSER, Judges, concur.