UNITED STATES

v.

**Sergeant Curtis E. BROOKS, FR 486–66–0628 United States Air Force.**

**ACM S25267.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 March 1981.

Decided 29 Sept. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain G. Michael Lennon and Captain Michael A. McMurphy, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain George D. Cato.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge.

Consistent with his pleas the accused was convicted of wrongfully possessing marijuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. As

approved the sentence extended to a Bad Conduct discharge, 3 months confinement at hard labor, and reduction to airman basic.

Appellate defense counsel urge as error the following statement contained in paragraph 45c of the staff judge advocate's review:

c. *Clemency Evaluation of the Reviewer* . . . . the evidence shows a serious involvement and flouting of military authority by the cultivation of marijuana in a barracks room by a member of the security police squadron."

Appellate counsel contend that reference of the accused's status as a security policeman to the convening authority was improper. The thrust of their argument is that a convening authority may not consider an accused's duty assignment when weighing clemency matters.

■ Clemency is the disposition to treat with less rigor than one's authority permits. It is an act of mercy by an individual having that power. *United States v. Lanford*, 6 U.S.C.M.A. 371, 20 C.M.R. 87, (C.M.A.1955); *United States v. Berlin*, 13 C.M.R. 364 (A.B.R.1953). The convening authority's mandate to grant clemency is found in paragraphs 76 and 88, Manual for Courts-Martial 1969 (Revised edition). While a convening authority may extend clemency if he desires, there is no requirement that he do so. He may consider the effect that such action would have in his command *United States v. Berlin, supra.* Further, he has total discretion according to his judgment and conscience, which is uncontrolled by the judgment and conscience of others. *United States v. Wise*, 6 U.S.C.M.A. 472, 20 C.M.R. 188 (C.M.A.1958).

■ This is not a situation where the convening authority considers matters outside the record without affording the accused an opportunity to reply. *United States v. Griffin*, 8 U.S.C.M.A. 206, 24 C.M.R. 16 (C.M.A.1969). The accused's duty assignment was part of the record the moment the charges were preferred. I am aware that *United States v. Collins*, 3 M.J. 518 (A.F.C.M.R.1977), held that the accused's duties as a Security Alert Team member was not proper aggravation and a basis for a presentencing argument before the *court.* However, this situation is distinguishable from *Collins, supra.* Matters which may not be commented on during sentencing may be properly brought to the convening authority's attention in the staff judge advocate's review. *United States v. Schmenk*, 11 M.J. 803 (A.F.C.M.R.1981). An accused cannot expect a convening authority to be so cloistered that he should not be made aware of matters impacting on whether the sentence should be mitigated. *Schmenk, supra.*

■ The accused's duty assignment is a factor the convening authority may consider in deciding whether he wishes to grant clemency.

For the reasons stated above, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, concurs.

MILLER, Judge (concurring):

Despite my dissent in *United States v. Schmenk*, 11 M.J. 803 (A.F.C.M.R.1981), I fully concur with the majority's opinion. In *Schmenk, supra*, matters were presented to the convening authority that were *regulatorily* prohibited from being presented during any portion of *criminal proceedings.* No such prohibition existed here.