UNITED STATES

v.

Technical Sergeant Josef L. GRUNING-ER, FR 418–74–3075, United States Air Force.

ACM 28561.

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 March 1990.

Decided 21 June 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair.

Appellate Counsel for the United States: Colonel Joe R. Lamport.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

During sentencing argument, the assistant trial counsel asserted thus in relation to the appellant's drug misconduct:

> Do you want someone like this maintaining your aircraft, millions of dollars worth of aircraft, and then in his off duty time abusing marijuana? Further, there is potential harm to others involved here, not merely the Air Force and its aircraft, but people, the people of the Air Force, either through errors that might be made either personally by Sergeant Gruninger or at his direction, magnified by the fact that we are talking about sophisticated and technologically advanced equipment. Additionally, the potential for harm to others particularly goes to the fact of his status as an NCO, as a senior member of the Air Force, and in his past positions as a crew chief supervising others and as a trainer of others, all of these cases with the expectation of leading by example.

There was no indication in the record that the appellant's drug misconduct was involved with his aircraft maintenance duty. The defense failed to object to this argument.

■ Of late, we have reviewed several arguments in which trial counsel seeks to secure an appropriate sentence by showing the appellant menaced the Air Force because of his or her duty. An argument of this sort might seem logically available to prosecutors in every situation. Such an approach ignores a line of respectable precedent from this Court cautioning that—*absent evidence an accused's crimes in any way affected his duty*—such argument is impermissible. *See, e.g., United States v. Lewis,* 7 M.J. 958 (A.F.C.M.R. 1979) (flightline duty); *United States v. Moore,* 6 M.J. 661, *pet. denied,* 6 M.J. 199 (C.M.A.) (hospital corpsman); *United States v. Collins,* 3 M.J. 518, 520 (A.F.C.M. R.1977) *aff'd.* 6 M.J. 256 (C.M.A.) (security policeman). *See also United States v. Smith,* 28 M.J. 863, 864–865 (A.F.C.M.R. 1989), *pet. denied* 28 M.J. 455 (C.M.A.); *United States v. Thomaselli,* 14 M.J. 726, 728 (A.F.C.M.R.1982); *United States v. Miller,* 12 M.J. 559 (A.F.C.M.R.1981), *pet. denied,* 13 M.J. 36 (C.M.A.1982).

These viable precedents are not simply institutional nostalgia; we urge trial practitioners to be cautious in this area.

■ Though we find technical error, we believe no relief is warranted. Failure to object to trial counsel's argument normally triggers the doctrine of waiver and precludes a claim of error on appeal. R.C.M. 1001(g). In addition, inaction by defense counsel tends to indicate the minimal impact of a prosecutor's remarks. Finally, the argument was made before a military judge sitting alone. *See United States v. Moore,* 6 M.J. 661, 664 (A.F.C.M.R.1978) and cases cited. On the facts here, we consider a bad conduct discharge, four months confinement and accessory penalties in a general court-martial to be relatively lenient. We conclude that there was no fair risk that the trial counsel's remarks substantially affected the military judge's determination of an appropriate sentence.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judges BLOMMERS and MURDOCK concur.