UNITED STATES

v.

**Airman First Class Scott L. SIMMONS,
FR 362–88–4081, United States
Air Force.**

**ACM 28722.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 May 1990.

Decided 6 Nov. 1990.

Appellate Counsel for the Appellant: Major Ronald G. Morgan.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr.; Major Brenda J. Hollis and Major Paul H. Blackwell, Jr.

Before MURDOCK, KASTL and MILLS, Appellate Military Judges.

DECISION

KASTL, Senior Judge:

Fired with desire to clinch a substantial sentence, trial counsel overstepped the boundaries of permissible argument. We find error and reassess the sentence.

Airman First Class Simmons was found guilty by a general court-martial consisting of members of wrongful use of amphetamine on divers occasions, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The approved sentence is a bad conduct discharge, confinement for 12 months, and reduction to airman basic.

Simmons was assigned to cleaning airplanes at the "washrack" on the flight line at Carswell Air Force Base, Texas. Noth-

ing at his court-martial suggests he performed other duties during this time.[1]

During closing sentencing arguments, trial counsel spoke to six areas which draw our attention:

| Prosecution Comment | Objection? | Judge's Ruling |
|---|---|---|
| 1. We're going to find out who uses drugs when a plane crashes | Yes | Overruled |
| 2. "Everybody in Strategic Air Command knows what deterrence is ... the Strategic Air Command is standing ready to react ..." | Yes | Overruled |
| 3. When does rehabilitation start? Appellant does not seem to realize he has a problem at all | No | — |
| 4. Average sentence for drug use is 2½ years | Yes | Sustained |
| 5. We know how to secure protection from terrorists | Yes | Sustained |
| 6. Accused's supplier might be a violent person | Yes | Sustained |

■ We find Comment 1 impermissible argument. The prosecution claimed that *because of his duty* this appellant's menaced the Air Force and its aircraft. There was no evidence that the appellant's use of amphetamine in any way affected his duty or that "unwashed" planes would drop from the skies. The argument properly drew an objection. Despite this, the military judge permitted this theme to continue. This was error. We will reassess. *See United States v. Gruninger*, 30 M.J. 1142 (A.F.C.M.R.1990) and cases cited.

■ We are concerned over Comment 2, but we cannot put a judicial finger on precisely what the prosecutor meant. His argument might be read as a legitimate appeal to general deterrence. However, it can equally suggest an improper plea for a draconian sentence premised on "Strategic Air Command policy." Out of an abundance of caution, we will assume it crossed the line from legitimate comment to injec-

tion of improper command influence. We find error and reassess. *See United States v. Grady*, 15 M.J. 275 (C.M.A.1983); *United States v. Brown*, 19 M.J. 826, 832 (N.M. C.M.R.1984).

■ Comment 3 concerning rehabilitation as a sentencing goal conveys no clear meaning either. Counsel commented as follows:

Another purpose, I suppose [of punishment] would be rehabilitation of the offender. When does this rehabilitation start. If you ask Airman Hamilton and Airman Dilly [government witnesses who testified that they had used drugs with the appellant] they'll tell you when it starts—when you realize that you've done wrong. Airman Simmons doesn't seem to realize any problem at all. The rehabilitation doesn't start after somebody has nailed you to the wall and then you say, "Okay, now I'll correct myself." You're going to get to hear the defense

1. As appellate Government counsel notes, Simmons' performance reports admitted in presentencing suggest he held a mission-essential, first-line job extending to inspecting and lubricating aircraft; repairing discrepancies on planes; preflight; and launch. Nothing else at trial suggests duties beyond washing aircraft during this period. To the contrary, the subject of appellant's duties arose on at least five separate occasions during this court-martial. Each time, it went unchallenged that washing planes was his sole responsibility. We decline to relieve the proponent of the burden of formally proving that all these other significant tasks are included in "washing planes." *See* Mil.R.Evid. 201. We, therefore, hold that essentially all the appellant did was wash aircraft.

get up and make an argument to you too....

This presentencing commentary is capable of numerous interpretations, some permissible and some not. We find no error here, particularly since there was no defense objection. R.C.M. 1001(g); *United States v. Eck*, 10 M.J. 501 (A.F.C.M.R. 1980); *United States v. Moore*, 6 M.J. 661 (A.F.C.M.R.1978).

■ Comments 4, 5, and 6—purporting to advise the members that an "average" drug sentence was two and one-half years[2]; reminding the members that the nation knows how to deal with terrorists; and cautioning that while the appellant was peaceful, his supplier might not be—drew defense objections. The military judge correctly sustained all three. On balance, we find the judge's prompt action cured any possibility of prejudice. *See generally United States v. Horn*, 9 M.J. 429 (C.M.A. 1980); *United States v. Carpenter*, 11 U.S. C.M.A. 418, 29 C.M.R. 234 (1960); *United States v. Williams*, 23 M.J. 776, 781 (A.C. M.R.1987).

We cannot be positive that improper sentencing argument at Comments 1 and 2 did not influence the voting members. Accordingly, sentence reassessment is called for. We believe that we can reassess without returning the case for a rehearing on sentence. *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990); *United States v. Sales*, 22 M.J. 305 (C.M.A.1985).

Before closing, a word on presentencing argument is in order. Our function at this point can be compared to that of the canary in a coal mine, traditionally used by miners to warn those who labor mightily in a difficult area when "danger" is imminent. Of late, we have read too many prosecution arguments which fail to appreciate the precedents hammered out through the years to distinguish between permissible and impermissible commentary. Newcomers would do well to scan the guidance available in the following sources: Air Force Regulation 111–1, *Military Justice Guide*, para. 12–17 (30 September 1988); *Trial Counsel Deskbook*, Government Appellate Division, Air Force, pages 7 to 10 (25 September 1989); DA Pam 27–173, *Trial Procedure*, para. 28–14 (20 April 1990); The Advocate (Vol 15, No. 1, Jan–Feb 1983) pages R–1 to R–7 (excellent summary of precedents).

The other matters raised by Airman Simmons are resolved against him. His challenge to the appropriateness of his sentence will be subsumed into our sentence reassessment based upon improper argument.

■ Reassessing, we find appropriate so much of the sentence as extends to a bad conduct discharge, confinement for seven months, and reduction to airman basic.

The findings of guilty and the sentence, as modified, are correct in law and fact and, upon the basis of the entire record, are

AFFIRMED.

Senior Judge MURDOCK and Judge MILLS concur.

---

**2.** In fairness to trial counsel, he responded to the defense objection by explaining that his reference to the "average" sentence being two and one-half years was merely an arithmetical balance between no sentence and the maximum permissible punishment of five years confinement, not a yardstick to suggest an "appropriate" sentence.