## UNITED STATES

v.

**Airman Brian D. DESIDERIO, FR 159–62–2188, United States Air Force.**

### ACM 28676.

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 April 1990.

Decided 7 Nov. 1990.

Appellate Counsel for the Appellant: Major Ronald G. Morgan and Captain Richard W. Aldrich.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr.; Major Brenda J. Hollis and Captain Leonard R. Rippey.

Before LEONARD, RIVES and McLAUTHLIN, Appellate Military Judges.

## DECISION

LEONARD, Senior Judge:

Appellant pleaded guilty to and was convicted of use of methamphetamine. He was sentenced to a bad conduct discharge, confinement for 4 months, forfeiture of all pay and allowances, and reduction to airman basic. On appeal, he asserts two errors for our consideration. We find no prejudicial error.

### I

First, appellant maintains that the service of charges upon him was ineffective because the service was not accomplished by trial counsel as required by R.C.M. 602. Appellant's charge sheet (Department of Defense Form 458) reflects that his charges were served by a Staff Sergeant (SSgt) Strickland. Block 15 of that charge sheet has SSgt Strickland's name in the location for the typed name of trial counsel and her signature in the space for the

* Article of War 46(c) used the word "will" instead

signature of the trial counsel. There is no indication on the charge sheet that SSgt Strickland was signing or acting on the behalf of the trial counsel.

Appellant did not raise this issue of ineffective service of charges during his trial. Arguably, failure to do so waives appellate review. R.C.M. 905(b)(1) and (g) provide that a failure to assert, at trial, an issue dealing with defects in the procedural aspects of preferral, forwarding, investigation or referral of charges will waive that issue unless it relates to a jurisdictional defect. *See also* W. Winthrop, *Military Law and Precedents*, 157 (2d ed. 1920). R.C.M. 905(b)(1) does not specifically include defects in service of charges in the listing of defects waived. However, the Discussion following R.C.M. 905(b)(1) provides examples of nonjurisdictional defects that would be waived and directs the reader's attention to R.C.M. 307; 401–407; 601–604.

■ Although we do not approve of the manner in which service of charges is reflected on appellant's charge sheet, we would still find no prejudice in his case even absent waiver. R.C.M. 602 provides:

> The trial counsel detailed to the court-martial to which charges have been referred for trial shall *cause to be served* on each accused a copy of the charge sheet. (emphasis added).

Prior to the 1984 version, manuals for courts-martial set forth trial counsel's responsibility with respect to service of charges as follows:

> Immediately upon receipt of charges referred to him for trial, he will serve a copy of the charge sheet, as received and corrected by him, on the accused....

MCM, para. 44h (1969 rev.); MCM, para. 44h (1951); MCM U.S. Air Forces, para. 41e (1949). Such wording seems to indicate a need for personal service by the trial counsel. However, throughout this same time period, the statutory basis for this manual provision was more permissive in nature and provided that the trial counsel "shall * cause to be served upon the accused a copy

of "shall."

of the charges upon which trial is to be held." Article 35, UCMJ, 10 U.S.C. § 835; Article of War 46(c).

When the Manual for Courts–Martial was revised in 1984, the language of the service provision was changed to make it agree with the language in Article 35, UCMJ. *See* R.C.M. 602. The result is that the Manual no longer contains any wording that would appear to require trial counsel to personally serve the charges on the accused.

We are entitled to presume a certain degree of regularity with respect to actions of officials involved in the administration of military justice. *United States v. Moschella*, 20 U.S.C.M.A. 543, 43 C.M.R. 383 (1971). Applying that presumption in this case, we would reach the conclusion that the trial counsel either directed SSgt Strickland to serve appellant's charges or consented to her doing so. In either case trial counsel would be "causing" the charges to be served on appellant. R.C.M. 602.

This potential issue can be avoided, if trial counsel properly completes block 15 of Department of Defense Form 458, *Charge Sheet* even when he or she is not personally serving the charges. That portion of the charge sheet permits the trial counsel to reflect that he or she either personally served the charges or "caused (them) to be served." There is no need for a person who serves the charges at the direction of the trial counsel to sign the charge sheet.

## II

The second issue asserted by appellant is that trial counsel made improper sentencing argument by stating:

This individual is responsible for working on multimillion dollar aircraft. Lives and equipment were at stake when he was working on them. At the same period of time he was abusing drugs. This individual cannot be allowed to stay in the Air Force and continue with a career as other airmen do who have served their country honorably. Because of those reasons, this airman should be discharged with a bad conduct discharge.

Trial defense counsel did not object to this line of argument. However, when it was the defense's turn to argue sentence, the trial defense counsel stated:

Now I didn't say anything during Captain McElyea's argument as he stood up and talked about the impact of drug use on the mission and that kind of thing. It probably was objectionable but—I would just call to your attention your honor, that there is absolutely no indication whatsoever that there was ever any use of drugs on duty. There is absolutely no indication that there was even any use of drugs that occurred off duty that affected his duty performance.

Appellant maintains that trial counsel's argument was improper because it urged that his duties as an aircraft mechanic warranted a more severe punishment for drug use. In support of that position, he cites *United States v. Gruninger*, 30 M.J. 1142 (A.F.C.M.R.1990). Appellant is correct that *Gruninger* and the long line of cases cited therein have held such argument improper. However, *Gruninger* also holds that a failure to object to such argument waives appellate review. *See also* R.C.M. 1001(g). We do not find trial defense counsel's comment on the argument during his sentencing argument to be an objection. Since this was a trial before military judge alone, trial defense counsel may well have consciously decided to only comment on the argument rather than objecting. In any event, we find trial defense counsel's failure to object waived the issue. Even if the issue were not waived, the military judge was made aware of the problem with the argument and we would find no prejudice to appellant under such circumstances. *Cf. United States v. Corraine*, 31 M.J. 102 (C.M.A.1990).

## III

In our review of this case, we found one other matter of concern. That matter is the excessive length of the staff judge advocate's post-trial recommendation. Although this was a guilty plea case before a military judge alone, the document consisted of three and one-half pages. The document contained nearly verbatim statements of the specifications and excessive summaries of the facts and procedural his-

tory of the case, testimony of witnesses, appellant's background, and appellant's sworn testimony. R.C.M. 1106(d)(3) provides that the recommendation of the staff judge advocate shall contain *"concise* information" as to the findings and a *"summary* of the accused's service record."

Writing unnecessarily long staff judge advocate recommendations containing nearly verbatim specifications or other "legalese" defeats the purpose this document is intended to serve. Lengthy "summaries" of evidence and other matters are clearly contrary to the requirements of R.C.M. 1106(d)(2) and Air Force Regulation 111–1, *Military Justice Guide*, para. 15–5a and b (March 1990) and only invite a return to litigation of numerous assertions of error similar to those raised concerning the pre–1984 Manual for Courts–Martial staff judge advocate's reviews. *United States v. Boyle*, 30 M.J. 656 (A.F.C.M.R.1990). Further, the writers of lengthy and technical recommendations and the staff judge advocates approving them lose sight of the intended recipients of their recommendations. A staff judge advocate's recommendation on a particular case is written to provide a busy commander the *"concise information"* he or she needs to take action on the case. If we make the recommendation too lengthy and fill it with unnecessary "legalese," we waste this busy senior officer's time and create a very real possibility that the recommendation will not be read before the action is taken.

We have examined the record of trial, the assignment of errors, and the government's reply and have concluded that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Judges RIVES and McLAUTHLIN concur.