## UNITED STATES

v.

**Sergeant Raleigh T. EVERETT, FR230–88–7739, United States Air Force.**

**ACM 28614.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 19 March 1990.

Decided 1 July 1991.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Bernard E. Doyle, Jr.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Major Paul H. Blackwell, Jr.

Before O'BRIEN, PRATT, and McLAUTHLIN, Appellate Military Judges.

## OPINION OF THE COURT

McLAUTHLIN, Judge:

Consistent with his pleas, Sergeant Raleigh T. Everett was convicted of using cocaine. We find no merit in the invited issue he raises on appeal and affirm.

■ In sentencing argument, without defense objection, government counsel contended that the "most important" reason appellant should be reduced to airman basic was because he "was an NCO when he committed this serious offense." Asserting that "non-commissioned officers are given a very respected status in the service," the prosecutor suggested the appel-

lant had lost the right to that status with his drug use. Here, citing *United States v. Johnson,* ACM S28285, 1990 WL 96284 (A.F.C.M.R. 20 Jun 90), appellant maintains the trial counsel's reference to NCO status was improper, "[s]ince the appellant's single use of cocaine in no way affected his performance of duty."

Appellant's reliance on *Johnson* is misplaced. In *Johnson,* and in a series of related opinions, we found trial counsel's sentencing argument inappropriate when it urged a more severe punishment based upon the accused's duties alone—absent evidence the accused's crimes in any way affected those duties. *See e.g., United States v. Desiderio,* 31 M.J. 894 (A.F.C.M.R.1990), *United States v. Simmons,* 31 M.J. 884 (A.F.C.M.R.1990), *United States v. Gruninger,* 30 M.J. 1142 (A.F.C.M.R. 1990) and cases cited.

■ Trial counsel's reference to "NCO status" in this case was not an allusion to particular duty prohibited in the cases mentioned above. Our concern in those cases is the absence of any "justifiable basis" for the argument that a particular job status was an aggravating circumstance. *United States v. Collins,* 3 M.J. 518 (A.F.C.M.R. 1977). The commission of a crime by a noncommissioned officer, however, is different. The NCO offender violates a special trust, especially when the crime involves drug abuse. An NCO's rank and position carry with them the responsibility for counselling younger noncommissioned officers and airmen on the evils of drugs, their negative impact on the unit and Air Force missions, and the range of disciplinary consequences for their abuse. An NCO's age and experience free him from the often powerful lure of peer pressure attracting younger airmen to drug abuse. So when, as here, that NCO illegally uses cocaine, his "NCO status" is an appropriate aggravating factor for consideration by the sentencing authority. *See United States v. Smith,* 28 M.J. 863 (A.F.C.M.R.1989).

■ Had we equated the prosecutor's argument to an inappropriate duty reference, we would still find relief unwarranted. Failure to object to trial counsel's argu-

ment normally triggers the doctrine of waiver and precludes a claim of error on appeal. R.C.M. 1001(g). In addition, inaction by defense counsel tends to indicate the minimal impact of a prosecutor's remarks. Finally, the argument was made before a military judge sitting alone. *See Gruninger,* 30 M.J. at 1143; *United States v. Moore,* 6 M.J. 661, 664 (A.F.C.M.R.1978) and cases cited.

Therefore, having examined the record of trial, the invited error, and the government's reply thereto, we conclude that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused was committed. The findings of guilty and sentence are

AFFIRMED.

Chief Judge O'BRIEN and Senior Judge PRATT concur.