968

**UNITED STATES**

v.

**Staff Sergeant Gregory A. SMITH, FR309–66–9493, United States Air Force.**

**ACM 29489.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 June 1991.

Decided 19 Nov. 1991.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Captain Marc A. Fox.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

LEONARD, Senior Judge:

This case came to us with no errors assigned. During our independent review of the record, we found one matter warranting comment. The staff judge advocate's pretrial advice was over seven pages long and his post-trial recommendations were six pages long. The pretrial advice was obviously patterned on the type of pretrial advice required by the 1969 Manual for Courts–Martial. It contained summaries of the evidence, a two-page discussion of the elements of the offenses, comments on the form of the charges, discussions of possible defenses, discussion of intent to defraud, personal information regarding the accused, and various other topics. The post-trial recommendation set forth five worthless check specifications nearly verbatim. This document also contained extensive summaries of appellant's clemency materials and detailed explanations of the convening authority's powers and options.

Both the drafter of these documents and the approving staff judge advocate need to adhere to the provisions in the Manual for Courts–Martial 1984 and Air Force Regulation 111–1, *Military Justice Guide*, governing the contents of these documents. Unnecessarily long pretrial advice and post-trial recommendations containing verbatim specifications or other "legalese" defeat the intended purposes of the documents and invite unnecessary appellate litigation.

Pretrial advice with lengthy summaries of evidence, detailed explanations of elements of offenses, and extensive discussions of possible defenses is clearly con-

trary to the requirements of R.C.M. 406(b), and Air Force Regulation 111–1, paragraph 6–1d.

A pretrial advice only requires the staff judge advocate's *conclusions* with respect to:

(1) [W]hether each specification alleges an offense under the code;

(2) [W]hether the allegation of each offense is warranted by the evidence indicated in the report of investigation (if there is such a report); and

(3) [W]hether a court-martial would have jurisdiction over the accused and the offense.

R.C.M. 406(b). The advice must also contain a recommendation of the action to be taken by the convening authority. *Id.* Except for capital cases, Air Force Regulation 111–1 provides no additional requirements for pretrial advice.

Both the discussion accompanying R.C.M. 406(b) and Air Force Regulation 111–1, paragraph 6–1d, stress that a pretrial advice need not contain any underlying analysis or rationale for the conclusions contained in it. Further, the discussion of R.C.M. 406(b) notes that any extra matters included in the pretrial advice must be accurate and not misleading. Including incomplete, inaccurate, or misleading information in pretrial advice may result in additional litigation at either the trial or appellate level to determine whether the advice is defective. *See* R.C.M. 905(b)(1); 906(b)(3); *See also United States v. Klawuhn*, 33 M.J. 941 (N.M.C.M.R.1991) (remedy for materially inaccurate pretrial advice required set aside of findings and sentence and a new referral).

Following the guidance of R.C.M. 406(b) and paragraph 6–1d, Air Force Regulation 111–1, rarely requires a pretrial advice of more than one page. Even after considering that appellant waived the Article 32, UCMJ, investigation, there was no need for a pretrial advice exceeding two pages.

■ R.C.M. 1106(d)(3) provides that a staff judge advocate's post-trial recommendation shall contain *concise information* as to:

(A) The findings and sentence adjudged by the court-martial;

(B) A *summary* of the accused's service record . . . ;

(C) A statement of the nature and duration of any pretrial restraint;

(D) If there is a pretrial agreement, a statement of any action the convening authority is obligated to take under the agreement or a statement of the reasons why the convening authority is not obligated to take specific action under the agreement; and

(E) A specific recommendation as to the action to be taken by the convening authority on the sentence.

Emphasis added.

Air Force Regulation 111–1, paragraphs 15–5a and 15–5b, provide additional emphasis of the "concise" nature of a staff judge advocate's recommendation. These paragraphs provide the document will contain:

(1) A *brief synopsis* of the facts relevant to a recommendation where legal issues requiring an assessment of such facts are the basis for a recommendation.

(2) A *conclusion* as to the legal sufficiency of the evidence. No analysis or rationale are required unless there is a deficiency requiring corrective action.

(3) A *brief* analysis of each legal error asserted by the defense and, when necessary to understand a recommended corrective action, brief analyses of other legal issues.

Emphasis added.

Complying with the above requirements rarely requires a staff judge advocate recommendation of more than two to three pages, including the Air Force Form 242, Staff Judge Advocate's Recommendations, Jun 90. *See United States v. Desiderio*, 31 M.J. 894 (A.F.C.M.R.1990); *United States v. Boyle*, 30 M.J. 656 (A.F.C.M.R.1990); *see also* The Judge Advocate General's *Headquarters Update*, 19 December 1989. This case was a guilty plea with no allegations of error, no recommended corrective action, and no other unusual circumstances requiring any extensive elaboration in the recommendation.

Further, each nearly verbatim worthless check specification could have been summarized in the following format:

Cashed three worthless checks totaling $300 at the CPO Club, Yokosuka, Japan, between 7 May 90 and 19 May 90.

Writers of long and technical advice and recommendations, and the staff judge advocates approving them, lose sight of the reform of the military justice system that occurred with the Military Justice Act of 1983 and the Manual for Courts–Martial, 1984. They also do a disservice to the busy commanders they serve by failing to provide these commanders the succinct *conclusions* and *concise information* they need to refer the charges or take action on a case. If the recommendation or advice is too lengthy and filled with unnecessary "legalese," we waste this busy senior officer's time and create a very real possibility that the recommendation or advice will not be read. Finally, such detailed and technical documents only invite a return to the extensive litigation of assertions of error that plagued pre–1984 Manual for Courts–Martial pretrial advice and staff judge advocate reviews. *See* R.C.M. 406(b) Discussion.

The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Judges RIVES and JAMES concur.