# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

### v.

### Jerry M. WILLIAMS, Jr.

### Seaman Apprentice, U.S. Coast Guard

### CGCMS 24199

### Docket No.  1140

### 7 February 2001

Special Court-Martial convened by Commanding Officer, USCGC MOHAWK (WMEC 913). Tried at Key West, Florida on March 22, 2000.

| | |
|---|---|
| Military Judge: | CDR Bryan Schroder, USCG |
| Trial Counsel: | LTJG Melissa J. Harper, USCG |
| Detailed Defense Counsel | LT Tara Schorman, USCG |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | CDR Chris P. Reilly, USCG |

## BEFORE
## PANEL FOUR
## BAUM, KANTOR & WESTON
Appellate Military Judges

Baum, Chief Judge:

Appellant was tried by a special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was found guilty of one specification of unauthorized absence from July 2, 1999 until January 13, 2000 in violation of Article 86 of the Uniform Code of Military Justice (UCMJ), and one specification of missing movement by design in violation of Article 87, UCMJ.  Appellant was sentenced to a bad-conduct discharge, confinement for 180 days,  forfeiture of $751.54 per month for six months, and reduction to paygrade E-1.

The convening authority reduced the forfeitures to $751.00 per month for six months, which brought that portion of the sentence within the requirement of Rule for Court-Martial (R.C.M.) 1003(b)(2) that forfeitures should be stated in whole dollars.  He approved those forfeitures and the remainder of the sentence as adjudged, but suspended all confinement in excess of five months until March 21, 2001 pursuant to the terms of the pretrial agreement.

Before this Court, Appellant has assigned four errors: (1) that the approved forfeitures exceed the maximum allowed for a special court-martial; (2) that the approved sentence to confinement exceeds the amount of confinement adjudged; (3) that Appellant was not served with a copy of the referred charges in accordance with R.C.M. 602; and (4), as asserted pursuant to *United States v. Grostefon*, 12 M.J. 431 (1982), that Appellant was subjected to unlawful pretrial punishment in violation of Article 13, UCMJ.

I

The Government concedes that the first assignment of error has merit in that the adjudged and approved forfeitures were based on Appellant's pay at his prior grade of E-2 rather than his reduced paygrade of E-1. If a sentence includes reduction in grade, R.C.M. 1003(b)(2) requires that "the maximum forfeiture shall be based on the grade to which the accused is reduced." Neither the adjudged nor the approved forfeitures have met this requirement and must be reduced to an amount that does not exceed two-thirds of Appellant's pay per month at the reduced grade of E-1. Appellant also asks the Court to provide an additional remedy by disapproving the reduction to E-1 to impress upon convening authorities the importance of careful review of court-martial proceedings. We decline to take the step suggested by Appellant, but we do caution judges and staff judge advocates to pay closer attention to applicable sentencing rules, particularly the kind that were not followed in this case.

II

In his second assignment of error, Appellant contends that the approved sentence to confinement exceeds the amount of confinement adjudged. He bases this contention on an incorrect statement of the confinement in the convening authority's promulgating order as six months rather than 180 days. The Government acknowledges the promulgating order's error, but notes that the convening authority, in his action on the sentence, correctly approved confinement as adjudged, which was 180 days. The Government also states that the promulgating order's discrepancy has already been brought to the attention of the convening authority's staff judge advocate and that no corrective action by the Court is needed. We agree that no modification to the approved confinement is required since the convening authority's action approved the adjudged confinement of 180 days not six months. We will order a correction to the promulgating order, however, so that it properly reflects the amount of confinement adjudged.

III

As to Appellant's third assignment of error, he contends that service of referred charges on him, as required by R.C.M. 602, was not accomplished prior to trial because the charge sheet does not reflect such service. R.C.M. 602 and Article 35, UCMJ, the statutory provision from which the rule is drawn, both require that, "The trial counsel to whom court-martial charges are referred shall cause to be served upon the accused a copy of the charges upon which trial is to be had." A properly completed block 15 of the charge sheet should indicate that this requirement has been met. Instead, that block of the charge sheet in this case shows that the trial counsel caused a copy of the charges to be served on the accused on a date prior to

referral, 21 January 2000. That was the date when the charges were preferred and received by the convening authority. It was not until 29 January 2000 that the charges were actually referred to trial.

Based on the foregoing, Appellant argues that he was never provided a copy of the referred charges until the date of trial. Without conceding either that the failure to serve referred charges is subject to waiver or that he has not been prejudiced by this failure, Appellant submits this issue to the Court for corrective action as deemed appropriate. In so doing, he concedes that the other service courts have either found non-compliance with the Article 35, UCMJ and R.C.M. 602 requirements to be nonjurisdictional and therefore subject to waiver, or not prejudicial. *United States v. Desiderio*, 31 M.J. 894, 895 (A.F.C.M.R. 1990) (Block 15 of charge sheet's failure to show that trial counsel caused staff sergeant to serve referred charges was non-jurisdictional defect subject to waiver or test for prejudice); *United States v. Garcia*, 10 M.J. 631, 633 (A.C.M.R. 1980) (Not error to proceed to trial within three days of service of charges when accused fails to timely object); *United States v. Callahan*, 1990 CMR Lexis 1216 (N.M.C.M.R. 1990) (Any error from service of preferred charges rather than referred charges was non-prejudicial where accused did not object or request a continuance). Appellant points out that neither this Court nor the Court of Appeals for the Armed Forces appear to have ruled on this issue. Accordingly, we take this opportunity to join the other service courts in ruling that trial counsel's failure to cause service of referred charges, as required by Article 35, UCMJ, and R.C.M. 602, is a non-jurisdictional defect which may be waived or tested for prejudice.

Reviewing the record, with this in mind, we find that the military judge noted that the charges were served on the accused on the 21st of January and asked if that was correct, to which Appellant answered, "Yes, your Honor." R.15-16. The military judge then stated: "So, counsel it appears to me that the accused['s] statutory right to three days between service of charges and day of trial has been met," and the defense counsel answered "Yes, sir, it has." R.16. Whereupon, counsel indicated that the defense had no motions at that time and that the accused was ready to enter pleas. Thereafter, Appellant pled guilty to both charges and specifications pursuant to a pretrial agreement, which he had signed six days earlier. From these facts, we conclude that Appellant was fully aware of the referred offenses more than three days before trial and that he waived or forfeited any issue with respect to service of those charges on him. Furthermore, we discern no prejudice to Appellant from service of charges on him before they were referred rather than after. There is no indication that the preferred charges differed in any respect from those referred to trial.

IV

Turning to the fourth assignment of error, we are advised that, during Appellant's 70 days of pretrial confinement, he was deprived of basic health and comfort items, such as toothpaste, shaving cream, and razors, that his command failed to provide. Appellant contends that this deprivation constitutes unlawful pretrial punishment in violation of Article 13, UCMJ. Since he has already served his entire term of unsuspended confinement, Appellant seeks disapproval of his reduction to E-1 as the remedy for pretrial punishment.

In argument on sentence at trial, Appellant's counsel spoke of the command's responsibility to make sure that he had what he needed while in pretrial confinement and that the failure to provide basic health and comfort items amounted to punishment. Appellant did not request the judge to give credit for this asserted punishment, but he cites *U.S. v. Huffman,* 40 M.J. 225, 227 (1994) for the proposition that failure to request credit at trial for unlawful pretrial punishment does not bar appellate consideration of that issue, absent "an affirmative, fully developed waiver on the record." He notes, however, that the Court of Appeals for the Armed Forces has held in two recent cases that arguing the conditions of pretrial confinement to members without requesting appropriate relief from the military judge pursuant to R.C.M. 906 was "tantamount to an affirmative waiver…." *United States v. Tanksley, 54 M.J. 169, 177 (2000) and United States v. Southwick,* 53 M.J. 412, 416 (2000). Nevertheless, Appellant questions why such rationale should be applied to cases such as we have here where trial is by military judge. We need not decide whether the rationale of those cases with members should apply to a trial by judge alone. There is simply no evidence in the record of the conditions of Appellant's pretrial confinement that would support a decision by this Court that pretrial punishment occurred. Furthermore, as in *U.S. v. Tanksley*, supra, we hold that, under the facts of this case, the military judge did not err by failing to *sua sponte* award additional confinement credit for pretrial punishment in violation of Article 13, UCMJ.

## Conclusion

We have reviewed the record in accordance with Article 66, UCMJ, and upon such review, the findings of guilty are affirmed. We have taken judicial notice of the military enlisted pay scale in effect at the time of sentencing. The monthly basic pay for paygrade E-1 at that time was $1005.60. Two thirds of that amount, when stated in whole dollars, is $670. In light of the discussion with respect to Appellant's first assignment of error, we affirm only so much of the forfeitures approved below as includes $670 per month for six months. The remainder of the sentence, as approved and partially suspended below, is affirmed. All rights, privileges, and property of which Appellant was deprived by virtue of forfeitures in excess of $670 per month for six months shall be restored. Appropriate authority shall issue a supplemental court-martial order reflecting the action of this Court and correcting the erroneous statement of adjudged confinement in the current court-martial order.

Judges KANTOR and WESTON Concur.



For the Court


//s//
James P. Magner
Clerk of the Court