**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, D.C.**

**UNITED STATES**

**v.**

**Lacey S. SCHATZ**
**Seaman Operations Specialist (E-3), U.S. Coast Guard**

**CGCMS 24379**

**Docket No. 1291**

**20 August 2008**

Special Court-Martial convened by Commander, Coast Guard Sector New York. Tried at New York, New York, on 11 April 2007.

| | |
|---|---|
| Military Judge: | LCDR Ronald S. Horn, USCG |
| Trial Counsel: | LT Lisa M. LaPerle, USCGR |
| Defense Counsel: | LCDR J. Lee Marsh, JAGC, USN |
| Appellate Defense Counsel: | LT Cassie A. Kitchen, USCGR |
| Appellate Government Counsel: | LT Ronald B. Seely, USCGR |

**BEFORE**
**McCLELLAND, TUCHER[1] & PEPPER**
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to her pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of two specifications of conspiracy, in violation of Article 81, Uniform Code of Military Justice (UCMJ); one specification of fraudulent enlistment, in violation of Article 83, UCMJ; one specification of making a false official statement, in violation of Article 107, UCMJ; and one specification each of wrongfully using marijuana, cocaine, ecstasy, and psilocin or psilocybin, all in violation of Article 112a, UCMJ. The military judge sentenced Appellant to confinement for sixty days, reduction to E-1, and a bad-conduct discharge. The Convening Authority approved the sentence as adjudged. The pretrial agreement had no effect on the adjudged sentence.

---

[1] Judge Tucher did not participate in this decision.

**United States v. Lacey S. SCHATZ, No. 1291 (C.G.Ct.Crim.App. 2008)**

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors, but notes that she was not served with a copy of the referred charges in accordance with Rule for Courts-Martial (R.C.M.) 602, Manual for Courts-Martial, United States (2005 ed.), and Article 35, UCMJ.

The Charge Sheet reflects that Appellant was served with charges on 16 February 2007, but the charges were not referred for trial until 27 February 2007. In other words, Appellant did not receive service of charges that had been referred for trial, as required by R.C.M. 602 and Article 35, UCMJ. As Appellant concedes, this Court has held "trial counsel's failure to cause service of referred charges, as required by Article 35, UCMJ, and R.C.M. 602, is a non-jurisdictional defect which may be waived or tested for prejudice." *United States v. Williams*, 54 M.J. 757, 759 (C.G.Ct.Crim.App. 2001). We find that Appellant waived the issue and that the defect in service of the charges did not prejudice her.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Jane R. Lee
Clerk of the Court

2