## UNITED STATES

v.

**Airman Matthew K. THOMASELLI, FR 560–33–5796, United States Air Force.**

**ACM S25661.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 May 1982.

Decided 30 Sept. 1982.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Major James C. Fetterman, USAFR.

Appellate Counsel for the United States: Kenneth R. Rengert, and Major George D. Cato.

Before KASTL, HEMINGWAY and SNYDER, Appellate Military Judges.

## DECISION

SNYDER, Judge:

Pursuant to his pleas, the accused was convicted by special court-martial of wrongful use and transfer of cocaine, and wrongful possession, use, and transfer of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad conduct discharge, confinement at hard labor for four months, forfeiture of $150.00 per month for four months, and reduction to the grade of airman basic. He has assigned three errors for this Court's consideration. Finding no errors prejudicial to the substantive rights of the accused, we affirm.

Accused's initial assignment of error is that his plea of guilty to the additional specification and charge was improvident because the facts adduced at trial failed to establish his culpability as a principal to the transfer of marihuana.

The stipulation of fact containing the surrounding circumstances [1] reflects that, though initially reluctant to do so, the accused, at a friend's request, contacted a supplier of marihuana. Pursuant to this contact, the supplier came into Grissom Air Force Base and transferred the marihuana to the friend with the accused present. The accused contends the facts show no more than a mere knowing presence at the scene of a crime. The *Care* [2] inquiry, however, demonstrates that was not exactly the case.

---

1. The stipulation of fact is much less than exhaustive. Counsel at the trial level should bear in mind the quantum of proof necessary to support the legal theory on which their case is based.

2. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

In responding to the military judge's inquiry the accused, in addition to stating he was present when the transfer was effected, answered with an unequivocal "yes" to the military judge's question: "And you arranged the transfer between Gardner and North?"

 An iron-clad rule of law not requiring citation is, words will be given their common meaning unless a contrary intent is evidence. One definition of "arrange" is: to prepare, plan, or schedule.[3] Certainly to arrange an event goes further than merely being present. The facts here show such greater participation. This was not an instance of an accused referring a willing recipient to a known supplier of drugs. Here the accused made the contact for the recipient and was present when the transfer took place. The evidence supports an inference that the transfer was something the accused wanted to encourage.

> All that is necessary is to show some affirmative participation which at least encourages the principal to commit the offense in all its elements as defined by statute.[4]

Arranging the transfer would appear to meet that test. *See also, United States v. Burroughs,* 12 M.J. 380 (C.M.A.1982), and discussion therein. Accordingly, we find the plea to be provident.

 The second assignment of error is that three of the specifications are multiplicious. Two specifications allege a continuing course of conduct over a five month period of time, one being off base, the other on base. The accused stated there were multiple uses of marihuana during the entire period at various locations on and off base. Proof of the uses off of the installation would not have proved the uses on the installation. Thus, the specifications were not multiplicious. *United States v. Cottle,* 11 M.J. 572 (A.F.C.M.R.1981). The additional charge and specification alleges an offense entirely outside the period of time in the specifications referred to above, rendering it properly charged. *United States v. Cottle, supra.*

 Accused's final assignment of error is that trial counsel improperly made reference to accused's status as a security policeman during argument on sentence. We agree that error occurred since there is no evidence that the accused's duty status facilitated the commission of the offenses. *United States v. Collins,* 3 M.J. 518 (A.F.C.M.R.1977). However, we find the error to be nonprejudicial. Defense counsel did not object at trial, which tends to indicate minimal impact, the offenses were serious, and the sentence did not substantially approach the maximum for a special court-martial. *United States v. Chitwood,* 12 M.J. 535 (A.F.C.M.R.1981); *United States v. Moore,* 6 M.J. 661 (A.F.C.M.R.1978); *United States v. Collins, supra.*

The findings of guilty and the sentence are

AFFIRMED.

KASTL, Senior Judge, and HEMINGWAY, Judge, concur.

---

**3.** The Random House College Dictionary, 1980.

**4.** *United States v. Knudson,* 14 M.J. 13, 15 (C.M.A.1982).