UNITED STATES, Appellee,

v.

**Private First Class Johnny R. RUTHER-FORD, 408–15–0841, United States Army, Appellant.**

ACMR 8902270.

U.S. Army Court of Military Review.

2 Feb. 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Michael J. Coughlin, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before FOREMAN, VARO, and KOLENDA, Appellate Military Judges.

OPINION OF THE COURT

KOLENDA, Judge:

A special court-martial composed of officers convicted the appellant, pursuant to

his pleas, of using cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. I 1983). His approved sentence provides for a bad-conduct discharge, confinement for sixty days, forfeiture of $465.00 pay per month for two months and reduction to Private El.

Appellant contends that the military judge erred by failing to sustain the defense counsel's objection to the trial counsel's improper sentencing argument and failing to give curative instructions.

The evidence established that although the appellant was twenty-six years of age, he was shy, quiet, obedient, and apparently subject to being influenced. The appellant testified that he asked a civilian whom he had seen on several occasions on post to give him a ride back to his barracks. Enroute the civilian asked appellant if he used cocaine. Appellant replied no. The civilian then persuaded appellant to try the cocaine which the civilian gave to him.

■ To this testimony trial counsel remarked to the court that "This story is just not credible. He's made up this story to avoid the truth, which the government would submit is probably more like this—that he went out and bought cocaine." Defense counsel objected and the objection was overruled.

Trial counsel continued by saying, "the government would argue that the scenario probably went something like this—he went out and bought cocaine and that it wasn't the first time he had used it, but instead he makes up this story today about someone offering him cocaine for free, in a car, a man he barely knows." Nothing further was mentioned by defense counsel or military judge regarding trial counsel's comments.

The government did not offer any evidence contradicting the appellant's testimony regarding the cocaine incident. Nor was there any evidence suggesting that appellant had used drugs on any other occasion.

■ While it was proper for the trial counsel to argue that the appellant's story was not credible, it was improper for her to argue that the appellant had used cocaine on other occasions not charged. Trial counsel's comments should be limited to evidence in the record and to such fair inferences as may be drawn therefrom. *See United States v. Nelson,* 1 M.J. 235 (C.M.A.1975).

Trial counsel's arguments are not evidence. If the rule were contrary, an accused's right of confrontation would be abridged and the opportunity to impeach the source denied. When counsel argues facts not in evidence, both of these principles are violated. *United States v. Clifton,* 15 M.J. 26 (C.M.A.1983).

It is highly probable that trial counsel's comments were buttressed by the fact that two of the eight members of the court stated that on several occasions they received legal advice from the trial counsel in their official capacity, that they had a close working relationship with her and that they relied on her advice. It is obvious from the *voir dire* that these two officers had a high regard for trial counsel.

■ The trial judge has the affirmative duty to interrupt an improper argument and give the necessary cautionary instructions to the court members. *United States v. Knickerbocker,* 2 M.J. 128 (C.M.A.1977). His failure to do so in this case was plain error. The military judge's failure to instruct the court members to disregard the suggestions by the trial counsel, an officer well known and respected by two court members, that the appellant had used cocaine on occasions other than the one charged raised a fair risk of prejudice as to the sentence.

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or different convening authority.

Senior Judge FOREMAN and Judge VARO concur.