**UNITED STATES**

v.

**Staff Sergeant Bradley K. RHODES,
United States Air Force.**

**ACM 34697 (frev).**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 27 Feb. 2006.

Decided 12 Feb. 2007.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Major Terry L. McElyea, Major Jefferson B. Brown, Major Antony B. Kolenc, and Major Marc A. Jones.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Colonel LeEllen Coacher, Lieutenant Colonel Lance B. Sigmon, Lieutenant Colonel Robert V. Combs, Major C. Taylor Smith, and Major Steven R. Kaufman.

Before BROWN, FRANCIS, and SOYBEL, Appellate Military Judges.

OPINION OF THE COURT UPON FURTHER REVIEW

SOYBEL, Judge:

This case comes to us on further review after a rehearing on sentencing. The appellant was represented by detailed military appellate defense counsel during the initial appellate process, but subsequent to the sentencing rehearing waived his right to further representation by appellate defense counsel. In his first trial, which occurred in 2001, after mixed pleas, the appellant was convicted of one specification of divers uses of psilocyn, one specification of possession of psilocyn, one specification of distribution of ecstasy, one specification of stealing beverages of a value of less than one hundred

dollars, and one specification of disorderly conduct in violation of Articles 112a, 121, and 134, UCMJ, 10 U.S.C. §§ 912a, 921, and 934 respectively. A general court-martial, comprised of officer and enlisted members, sentenced the appellant to a bad-conduct discharge, confinement for 10 months, total forfeitures, and reduction to E–1.

On appeal, in an unpublished decision, this Court affirmed the findings and sentence.* Our superior court found error regarding the findings of guilty as to the divers uses of psilocyn and the possession of psilocyn specifications. They reversed the findings on those two specifications and set aside the sentence. A rehearing was authorized, stating that if a rehearing was not practicable, then a rehearing on the sentence for the affirmed findings was also authorized. A rehearing on the psilocyn specifications was found to be not practicable, so a rehearing on sentencing for the affirmed findings was accomplished on 27 February 2006.

At the rehearing, the appellant was sentenced to reduction to the grade of E–1 and forfeiture of all pay and allowances. The sentence, as approved by the convening authority, consisted of a reduction to E–1 and forfeiture of $849.00 dollars pay per month for 10 months. After a careful review of the entire record, we find two errors and reassess the sentence accordingly.

### Background

During the rehearing a panel of officers heard the following. The appellant was a security policeman assigned to the Security Forces Squadron at Yokota Air Base, Japan. After a Christmas party at the Enlisted Club, a group of friends that included the appellant went to the off-base apartment of someone else in the group. The host of the party had several ecstasy pills on hand and offered them around. The appellant's girlfriend wanted one so the appellant was handed a pill and passed it to her. His only act of distribution was passing the pill from the host of the party to his girlfriend.

As fate would have it, he broke up with his girlfriend right after the party. Soon after that, as part of another investigation, she identified the appellant to the Air Force Office of Special Investigations (OSI) as a "distributor".

The other two charges and their specifications stem from an evening of libation and karaoke at "Yumi's" bar. At the end of the evening, the three friends accompanying the appellant exited ahead of him with the understanding that he was suppose to take care of the bill. Instead, without paying it, he ran out of the bar prompting the elderly proprietor to attempt a pursuit through the adjacent streets. The owner was unsuccessful. Apparently, this was not the owner's first experience with this type of behavior. Waiting at the entrance to the base later that evening, the owner was able to identify the appellant to the gate guards. The next day the appellant returned to the bar, apologized, and paid the bill. These events were the basis of the larceny and disorderly conduct offenses. He initially received a Letter of Reprimand for the incident but when the original drug charges were tried, these charges were included.

### Sentencing Argument

■ The first error occurred when the trial counsel used the appellant's status as a security police officer as an aggravating factor in his sentencing argument to the members. After arguing that the appellant breached the trust he held as an NCO, he argued:

> The accused is a member of Security Forces. He's entrusted with protecting others. He's trained to be a defender. It's important for you to really look at his EPRs as you're deliberating to see the numerous responsibilities and tasks that he was entrusted with. I'd like to specifically draw your attention to a couple of things. The accused was entrusted to conduct demonstrations in conjunction with the DARE program, which many of you may be familiar (sic), is a program that teaches kids not to use drugs. He's supported the DARE program by speaking to kids at local schools about the dangers of drug use. Drugs are bad. They're bad for individuals, they're bad for families,

---

\* *United States v. Rhodes,* ACM 34697 (A.F.Ct.Crim.   App. 24 Feb. 2004) (unpub.op.).

they're bad for the Air Force, and they're bad for society.

There was no objection by trial defense counsel to this argument and no corrective instruction by the military judge, despite the fact there was no evidence that the accused's duty performance was affected or that he used his duty position as a security police officer in the commission of the offenses. The prohibition against using an accused's duty position to increase a sentence is so well established in Air Force trial practice that it is tantamount to black letter law. *United States v. Bobby,* 61 M.J. 750, 755–56 (A.F.Ct. Crim.App.2005); *United States v. Gruninger,* 30 M.J. 1142, 1143 (A.F.C.M.R.1990); *United States v. Lewis,* 7 M.J. 958, 959–60 (A.F.C.M.R.1979); *United States v. Moore,* 6 M.J. 661, 663–64 (A.F.C.M.R.1978); *United States v. Collins,* 3 M.J. 518, 520 (A.F.C.M.R. 1977); *United States v. Thomaselli,* 14 M.J. 726, 728 (A.F.C.M.R.1982). It is simply not allowed unless there is some connection between an accused's duty position and the commission of the crime. Here, there was absolutely none.

Because there was no objection to the trial counsel's argument, we must decide if the error was "plain error". Under that analysis we must determine whether the error was plain and whether it materially prejudiced a substantial right of the accused. *United States v. Cary,* 62 M.J. 277, 278 (C.A.A.F. 2006) (citing *United States v. Powell,* 49 M.J. 460, 465 (C.A.A.F.1998)). In accordance with the cases cited above, we hold that trial counsel's argument constituted plain error. The line of cases cited above unequivocally establish that the appellant was prejudiced by trial counsel's argument because one's duty position, without linkage to the commission of the offense, is not proper evidence in aggravation for consideration by the members during their sentencing deliberations.

### Evidence of the Previous Sentence

█ The second error occurred when members were informed of the sentence from the appellant's first trial and this information was improperly used by trial counsel in his pre-sentencing argument.

The members got their first hint of the previous sentence when, during his unsworn statement, the appellant himself referred to the ten months of confinement he had already served. In order to "rebut" this information, the members were informed of the complete sentence from the appellant's first trial by way of stipulation.

During his pre-sentencing argument, the trial counsel argued:

> He blamed his ex-girlfriend. He blamed the legal office. He blamed his commander. You know, members, a few years ago a panel just like you sat here in this courtroom and heard all of the evidence. A panel just like you listened to the testimony of the ex-girlfriend and evaluated her credibility. A panel just like you believed the ex-girlfriend. A panel just like you considered all the complaining about LORs turning into court-martial charges. And a panel just like you sentenced him as they did to include confinement and a BCD. He maintains his innocence while attacking the Air Force. He fails to come to grips with the seriousness of his crimes and the seriousness of this proceeding. After all of these years he still does not get it. So while the accused gets up here and says really great things about his country, and how he respects the decision of this court, it's really just a bunch of hot air because we all know what he really thinks. He thinks the last panel blew it and shafted him.

There was no objection by the trial defense counsel and no curative instruction given by the military judge.

We hold that evidence of the sentence from the previous court-martial should not have been presented by either party to the members at the rehearing. It directly assaults their ability to arrive at an independent and unbiased sentence based solely on evidence presented to them under the Rules of Courts–Martial (R.C.M.). *See* R.C.M. 810(a)(2), 810(c), and 1001. In this case, the situation was aggravated by the fact that the sentence in the appellant's first court-martial punished him for two serious drug offenses that were not included in the rehearing. This enabled the trial counsel to use the sentence from a far more serious set of facts

to argue for a stiff sentence in the rehearing, while allowing the members to believe that the offenses in both trials were equivalent. Again, we apply the "plain error" test articulated in *Cary*, and find that this is plain error. *Cary*, 62 M.J. at 278. Granted, the appellant opened the door to this evidence in his unsworn statement when he told the members that he was previously sentenced to 10 months confinement; however, by allowing the government to introduce the complete prior sentence as rebuttal, a fixable problem was transformed into an unsalvageable one.

We understand the dilemma here. Once the door was opened, the government wanted to fill in the missing information regarding the prior sentence. On the other hand, the appellant would not want the members to know of the additional convictions that were overturned on appeal, but not part of the rehearing, for fear of that knowledge influencing their current sentencing decision. With the way it was handled in this case though, the members were informed of the prior sentence but were unaware that it took into account two more serious offenses than the ones that were the subject of the rehearing. The members deliberated with this mistaken belief. To compound the error, the trial counsel further used this misinformation in his sentencing argument when he argued that the appellant believed that he was "shafted" by the previous panel. Once again, the members were misled, resulting in plain error.

A proper curative instruction is the preferred method for dealing with improper testimony. *See generally United States v. Diaz*, 59 M.J. 79, 92–3 (C.A.A.F.2003); *United States v. Taylor*, 53 M.J. 195, 198 (C.A.A.F. 2000). Additionally, a "trial judge has the affirmative duty to interrupt an improper argument and give the necessary cautionary instructions to the court members." *United States v. Rutherford*, 29 M.J. 1030, 1031 (A.C.M.R.1990) (citing *United States v. Knickerbocker*, 2 M.J. 128, 129 (C.M.A.1977)).

There was an opportunity to fix the problem in this case-when the appellant first mentioned in his unsworn statement that he had already served 10 months of confinement. Either at that point or immediately after the appellant finished his unsworn statement, the members should have been instructed to disregard any evidence of the previous sentence because such evidence is completely irrelevant to their deliberations. They should have been told that often the charges faced and the evidence presented at a previous trial differ from the charges faced and the evidence presented years later at a rehearing and they should therefore disregard any other sentence when arriving at their own. They should also have been instructed that they alone are charged with arriving at a fair sentence based only on these charges and the evidence now before them and should not be influenced by what another panel may have decided earlier. The door should have been slammed shut as soon as the appellant cracked it open. Instead, it was opened wide and the full measure of improper evidence was allowed in.

■ Having found error, we can either send the case back to the convening authority for yet another rehearing or reassess the sentence. If this Court can determine that without the error the sentence would have been at least of a certain magnitude, then it may cure the error by reassessing the sentence instead of ordering a sentence rehearing. If the error was of constitutional magnitude, this Court must be satisfied beyond a reasonable doubt that its reassessment cured the error. If a court cannot determine what sentence would have been imposed if the error had not occurred, then a sentence rehearing should be held. *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F.2002) (citing *United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986)).

*Conclusion*

We conclude we can perform a sentence reassessment in this case. Although the errors that occurred in this case do not rise to constitutional magnitude, after a careful consideration of the entire record, we are nonetheless satisfied beyond a reasonable doubt that in the absence of error the members would have adjudged a sentence of no less than reduction to E–1 and forfeitures of $849.00 pay per month for 1 month.

The approved findings, and the sentence, as reassessed, are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings and the sentence, as reassessed, are

AFFIRMED.

**UNITED STATES**

v.

**Senior Airman Stacy A. WARDEN, United States Air Force.**

**ACM S31029.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 4 Nov. 2005.

Decided 23 Feb. 2007.

Appellate Counsel for Appellant: Colonel Nikki A. Hall, Lieutenant Colonel Mark R. Strickland, and Captain John S. Fredland.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Lieutenant Colonel Robert V. Combs, Captain Daniel J. Breen, and Captain Jamie L. Mendelson.

Before BROWN, JACOBSON, and BECHTOLD, Appellate Military Judges.