# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39001 (reh)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**David R. ALLEN**
Master Sergeant (E-7), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 24 June 2020

————————————

*Military Judge:* Mark F. Rosenow (rehearing).

*Approved sentence:* Reduction to the grade of E-5 and a reprimand. Sentence adjudged 26 June 2018 by GCM convened at Ramstein Air Base, Germany.

*For Appellant:* Brian L. Mizer, Esquire.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Anne M. Delmare, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS and D. JOHNSON, *Appellate Military Judges.*

Senior Judge MINK delivered the opinion of the court, in which Judge LEWIS and Judge D. JOHNSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MINK, Senior Judge:

This case is before us for the second time. In October 2015, a general court-martial composed of officer members found Appellant guilty, contrary to his pleas, of dereliction of duty by willfully failing to refrain from pursuing an unprofessional sexual relationship with two junior Airmen, including

Airman First Class (A1C) CG, in violation of Article 92(3), Uniform Code of Military Justice (UCMJ), 10 U.SC. § 892(3); dereliction of duty by willfully failing to refrain from pursuing an unprofessional dating relationship with two other junior Airmen, also in violation of Article 92(3), UCMJ; and for sexually assaulting A1C CG, in violation of Article 120, UCMJ, 10 U.S.C. § 920.[1] The court-martial sentenced Appellant to a bad-conduct discharge, confinement for one year, reduction to the grade of E-3, and a reprimand. The convening authority approved the adjudged sentence. In his initial appeal to this court, Appellant raised numerous assignments of error, and we granted relief as to two of them by setting aside the Article 92(3), UCMJ, dereliction of duty conviction with respect to A1C CG and the Article 120, UCMJ, sexual assault conviction because the evidence was factually insufficient to support either conviction. We affirmed the remaining three Article 92(3), UCMJ, dereliction of duty offenses, but we also set aside the sentence and authorized a rehearing on the sentence. *United States v. Allen,* No. ACM 39001, 2017 CCA LEXIS 549 (A.F. Ct. Crim. App. 11 Aug. 2017) (unpub. op.). Appellant had already served his sentence to confinement before our decision on his original appeal was released on 11 August 2017 and Appellant was not placed in pretrial confinement while awaiting his rehearing on the sentence.

On 7 May 2018, the general court-martial convening authority ordered a rehearing for the purpose of sentencing Appellant. The rehearing was held at Ramstein Air Base, Germany from 25–26 June 2018. A general court-martial composed of a military judge alone sentenced Appellant for the previously affirmed dereliction of duty offenses. The adjudged and approved sentence consisted of a reduction to the grade of E-5 and a reprimand.[2]

Appellant now asserts three assignments of error: (1) whether Appellant was denied due process of law when the military judge repeatedly refused to consider Appellant's previous confinement before adjudging the sentence in this case as required by *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984) and the Manual for Courts-Martial; (2) whether Appellant was afforded conflict-free trial defense counsel when the military judge announced that immediately following Appellant's court-martial, trial defense counsel would be getting

---

[1] These offenses of which Appellant was found guilty are from the *Manual for Courts-Martial, United States* (2012 ed.). All other references in this opinion to the Uniform Code of Military Justice (UCMJ) and the Rules for Courts-Martial (R.C.M.) are from the *Manual for Courts-Martial, United States* (2016 ed.), unless otherwise indicated.

[2] A "post-findings, pre-sentencing agreement" between Appellant and the convening authority was entered into prior to the rehearing on sentence but it had no impact on the sentence that the convening authority could approve.

an "opportunity . . . for professional development" by serving as the military judge's understudy in another court-martial later that week "which would make it easier for him to become a serving military judge;"[3] and (3) whether Charge I and the specifications thereunder are void for vagueness.[4] We also address whether Appellant is entitled to relief due to facially unreasonable post-trial delay. We find no prejudicial error and affirm the sentence.

## I. DISCUSSION

### A. Prior Punishment

#### 1. Additional Background

Prior to Appellant's selection of forum, the military judge advised counsel for both parties not to "improperly disclose" the adjudged or approved sentence from Appellant's original court-martial to the court members if Appellant selected that forum for his rehearing. The military judge also stated that if Appellant selected trial by military judge alone as the forum for the rehearing, he would not consider the approved or adjudged sentence from Appellant's original trial, even though he was aware of both, when deciding an appropriate sentence for the offenses for which Appellant was being sentenced.

The military judge advised Appellant that the maximum sentence that could be adjudged at the rehearing for the offenses for which he was being sentenced was a bad-conduct discharge, forfeiture of all pay and allowances, confinement for 18 months, and reduction to the lowest enlisted grade. The military judge also advised Appellant that because this proceeding was a rehearing on sentence, the convening authority could not approve a sentence that exceeded the sentence approved by the convening authority following the original trial. After Appellant elected trial by military judge alone pursuant to a provision in his "post-findings, pre-sentencing agreement," both trial counsel and trial defense counsel agreed that Appellant was not to be credited with any pretrial confinement on the charge sheet.

---

[3] We have carefully considered this second issue Appellant raises regarding whether he was provided conflict-free trial defense counsel and determine this issue is without merit and warrants no discussion or relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

[4] As Appellant correctly notes, this third assignment of error was fully briefed and rejected by this court in 2017. In his brief, Appellant states that this issue was raised again only to preserve this issue where the United States Court of Appeals for the Armed Forces (CAAF) denied review of this error without prejudice. We decline to reconsider our previous decision on this assignment of error.

Later, when the trial defense counsel moved to admit a character statement as Defense Exhibit C for identification, trial counsel objected to one sentence in paragraph 6 of the document on the basis that it improperly "allude[d] to the prior punishment in the former proceeding." Trial defense counsel responded that the statement referred to the length of time that had passed from the previous court-martial until the rehearing and did not pertain to the time Appellant spent in post-trial confinement. Overruling the trial counsel's objection, the military judge stated:

> I've already made it clear on the record how this court will not consider any of the previous punishments in this case in determining what an appropriate sentence is for [Appellant] for the offenses of which he remains convicted. The rules are clear as well, that the parties may not and should not make reference to those punishments.

The military judge admitted the exhibit as marked "for the narrow purpose put forth by the defense counsel."

When discussing the proposed defense sentencing evidence, including Appellant's unsworn statement, the military judge addressed varied references to the time Appellant spent in post-trial confinement following the original trial. The military judge stated:

> It's fairly clear to me, based on the procedural guide,[5] the cases that are cited inside the procedural guide as well as the plain language under R.C.M. 810(d) that this court should not be focused on what was previously adjudged or approved but instead on what the authorized punishments are available in this case and what an appropriate sentence is for [Appellant] for the three offenses that he remains convicted of. And I will only deliberate in that manner as I've described.

Appellant asserts that the military judge erred when deciding Appellant's sentence at the rehearing because the military judge failed to consider the "year in confinement" Appellant served following his initial court-martial. Appellant specifically contends that the "year" he spent in confinement as a result of his original sentence constituted pretrial confinement that the military judge was required to consider pursuant to Rule for Courts-Martial

---

[5] In referring to the "procedural guide," the military judge was apparently referencing Department of the Army (DA) Pamphlet 27-9, otherwise known as the *Military Judge's Benchbook*, as modified for use in Air Force trial practice.

(R.C.M.) 1001(b)(1) and the failure to do so constituted a deprivation of due process of law. We disagree.[6]

**2. Law**

We review a military judge's admission or exclusion of evidence, including sentencing evidence, for an abuse of discretion. *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009) (citing *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000)). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous.'" *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000) (citing *United States v. Miller*, 46 M.J. 63, 65 (C.A.A.F. 1997); *United States v. Travers*, 25 M.J. 61, 62 (C.M.A. 1987)). "A military judge abuses his discretion when: (1) the findings of fact upon which he predicates his ruling are not supported by the evidence of record; (2) if incorrect legal principles were used; or (3) if his application of the correct legal principles to the facts is clearly unreasonable." *United States v. Ellis*, 68 M.J. 341, 344 (C.A.A.F. 2010) (citing *United States v. Mackie*, 66 M.J. 198, 199 (C.A.A.F. 2008)).

Limitations on sentence as a result of rehearing are addressed in R.C.M. 810(d), which states, in pertinent part, that

> offenses on which a rehearing . . . has been ordered shall not be the basis for an approved sentence in excess of or more severe than the sentence ultimately approved by the convening or higher authority following the previous trial or hearing, unless the sentence prescribed for the offense is mandatory.

The Discussion to the Rule further states:

> At a rehearing, the trier of fact is not bound by the sentence previously adjudged or approved. The members should not be advised of the sentence limitation under this rule. See R.C.M. 1005(e)(1). An appropriate sentence on a retried or reheard offense should be adjudged without regard to any credit to which [Appellant] may be entitled.

---

[6] The Government argues that Appellant waived or forfeited this issue at trial. Appellant contends that the record does not support forfeiture, much less waiver of this issue. We chose to address the substance of this issue.

### 3. Analysis

Appellant does not contend that the military judge erred by following the "non-binding Discussion's guidance" that the sentencing authority not consider the adjudged or approved sentence from the prior trial. Instead, Appellant argues that the military judge was required to consider the punishment, i.e., the "year in confinement" that Appellant had already served in determining a sentence at the rehearing, because it constituted pretrial confinement. Appellant correctly states that R.C.M. 1001(b)(1) requires the trial counsel to inform the sentencing authority of the "duration and nature of any pretrial restraint." However, as the military judge, trial counsel, and trial defense counsel all agreed during the rehearing, the time Appellant spent in confinement as a result of his approved sentence following his original trial was not "pretrial confinement." We are not persuaded by Appellant's argument that the time he spent in post-trial confinement as a result of his original approved sentence should have been considered in the same manner as pretrial confinement or restraint.

The question of whether a court-martial should consider post-trial confinement served by an appellant during a rehearing on sentence has been previously addressed by this court. In *United States v. Rhodes*, 64 M.J. 630, 632 (A.F. Ct. Crim. App. 2007), *aff'd*, 65 M.J. 310 (C.A.A.F. 2007), while presenting his unsworn statement during his rehearing on sentence before officer members, the appellant revealed that he had spent ten months in post-trial confinement as a result of his original court-martial conviction. The trial counsel then introduced the appellant's entire approved sentence from the original trial in rebuttal to the appellant's unsworn statement. *Id*. This court held that the "evidence of the sentence from the previous court-martial should not have been presented by either party to the members at the rehearing. It directly assault[ed] their ability to arrive at an independent and unbiased sentence based solely on the evidence presented to them under the Rules for Courts-Martial." *Id*. Tacitly apparent in the court's decision was the understanding that the post-trial confinement served by the appellant did not constitute pretrial confinement for purposes of the rehearing. We see no basis to depart from the court's rationale in *Rhodes*, even in the context of sentencing by military judge alone. We do, however, acknowledge that there may be some circumstance where evidence related to an appellant's time in prior post-trial confinement could constitute proper evidence for consideration in mitigation, but we find no such circumstances in this case. We find that the military judge did not abuse his discretion in refusing to consider Appellant's adjudged or approved sentence from the prior court-martial or the time that Appellant spent in post-trial confinement when deciding the sentence at the rehearing.

Appellant was nonetheless entitled to receive the benefit for the time that he spent in post-trial confinement. As noted above, the maximum sentence that could be approved by the convening authority after the rehearing was limited to the original sentence approved by the convening authority. Without question, Appellant would have been entitled to receive day-for-day credit for the entire time he spent in post-trial confinement following his original court-martial. *See Allen*, 17 M.J. at 128. In other words, even if the military judge had sentenced Appellant to the maximum confinement permitted—18 months—the convening authority could have only approved 1 year of confinement, and Appellant would have been credited for the confinement he already served. In fact, the action of the convening authority stated, "[Appellant] will be credited with any portion of the sentence as approved that was served as the result of a previous court-martial." Moreover, even assuming *arguendo* that the military judge erred by not considering the time Appellant spent in post-trial confinement as a result of his previous trial in determining an appropriate sentence at the rehearing, the military judge sentenced Appellant to no confinement, and Appellant therefore suffered no prejudice.

## B. Post-Trial Delay

### 1. Additional Background

Appellant was sentenced at the rehearing on 26 June 2018 and the convening authority took action on the new sentence on 22 October 2018. Appellant's case was then docketed with this court on 26 November 2018, 35 days after the convening authority took action on the new sentence, and this opinion was issued more than 18 months after docketing.

### 2. Law

We review de novo whether an appellant has been denied the right to due process and a speedy post-trial review and appeal. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citations omitted). In *Moreno*, the United States Court of Appeals for the Armed Forces (CAAF) established a presumption of facially unreasonable delay when the convening authority does not take action within 120 days of trial, when a record of trial is not docketed with the Court of Criminal Appeals within 30 days of the convening authority's action, and when the Court of Criminal Appeals does not render a decision within 18 months of the case being docketed. *Id.* at 142. Where there is such a delay, we examine the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of his right to a timely review; and (4) prejudice [to the appellant]." *Moreno*, 63 M.J. at 135 (citing *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005); *Toohey v. United States*, 60 M.J. 100, 102 (C.A.A.F. 2004) (per curiam)). "No single factor is required for finding a due

process violation and the absence of a given factor will not prevent such a finding." *Id.* at 136 (citing *Barker*, 407 U.S. at 533). However, where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

**3. Analysis**

Although Appellant does not raise post-trial delay as an error, we note that the 35 days that elapsed between the action of the convening authority and docketing with this court exceeded by five days the 30-day standard for a presumptively unreasonable post-trial delay. *See Moreno*, 63 M.J. at 142. In addition, we note that over 18 months elapsed between the docketing of Appellant's case with this court and the issuance of this opinion, which is also a presumptively unreasonable delay. *See id.* Therefore, we have considered the four *Barker* factors to determine whether Appellant's due process right to timely post-trial and appellate review has been violated in this case. We find it has not.

In *Moreno*, the CAAF identified three types of cognizable prejudice for purposes of an Appellant's due process right to timely post-trial review: (1) oppressive incarceration; (2) anxiety and concern; and (3) impairment of the appellant's ability to present a defense at a rehearing. *Id.* at 138–39 (citations omitted). In this case, we find no oppressive incarceration because Appellant was not sentenced to any confinement at his rehearing. Nor do we discern any impairment of Appellant's ability to present a defense at a rehearing. In addition, Appellant raises no potential impairment as to a sentencing rehearing arising from the delay, and we perceive none.

As for anxiety and concern, the CAAF has explained "the appropriate test for the military justice system is to require an appellant to show particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." *Id.* at 140. Appellant has asserted no such particularized concern.

Where, as here, there is no qualifying prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *Toohey*, 63 M.J. at 362. We do not find such an egregious delay here, and we find no violation of Appellant's due process rights. This court is issuing its opinion within one month of the *Moreno* date.

Recognizing our authority under Article 66(c), UCMJ, we have also considered whether relief for excessive post-trial delay is appropriate even in the absence of a due process violation. *See United States v. Tardif*, 57 M.J. 219,

225 (C.A.A.F. 2002). Applying the factors articulated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we conclude that the time taken to review Appellant's case is not unreasonable and relief based on the delay is unwarranted.

## II. CONCLUSION

The approved findings were previously affirmed. The approved sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved sentence is **AFFIRMED.**

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court