# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32723**

———————————

**UNITED STATES**
*Appellee*

v.

**Miguel A. LOZORIA**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 June 2023

———————————

*Military Judge:* Dayle P. Percle.

*Sentence:* Sentence adjudged 19 January 2022 by SpCM convened at Scott Air Force Base (AFB), Illinois. Sentence entered by military judge on 22 February 2022: Bad-conduct discharge, 31 days of confinement, 60 days of hard labor without confinement, reduction to E-1, and a reprimand.

*For Appellant:* Major Matthew L. Blyth, USAF.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Major John P. Patera, USAF; Major Deepa M. Patel, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, RAMÍREZ, and CADOTTE, *Appellate Military Judges*.

Judge RAMÍREZ delivered the opinion of the court, in which Senior Judge RICHARDSON and Judge CADOTTE joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

RAMÍREZ, Judge:

A military judge found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement, of wrongful use of lysergic acid diethylamide (LSD) and wrongful introduction of LSD onto Scott Air Force Base (AFB), both in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1]

Appellant's plea agreement provided, among other things, that the convening authority would authorize, prior to arraignment, removing "with the intent to distribute" the LSD from Specification 2 of the Charge (wrongful introduction of LSD) and authorize the dismissal with prejudice of Specification 3 of the Charge (wrongful distribution of LSD), upon acceptance of Appellant's guilty plea by the military judge. It also provided the military judge would sentence Appellant to a bad-conduct discharge; minimum confinement of 30 days and maximum confinement of 120 days; and any terms of confinement would be served concurrently. The military judge sentenced Appellant to a bad-conduct discharge, 31 days of confinement for the wrongful introduction of LSD onto a military installation, 30 days of confinement for the wrongful use of LSD, 60 days of hard labor without confinement, reduction to the grade of E-1, and a reprimand. The confinement was ordered to be served concurrently. The convening authority took no action on the findings or sentence but did articulate the language for the reprimand.

Appellant raises two issues on appeal which we reword as follows: (1) whether a portion of the convening authority's reprimand is inaccurate, inflammatory, and inappropriate; and (2) whether trial counsel engaged in improper sentencing argument. Finding no error materially prejudicial to Appellant's substantial rights, we affirm the findings and the sentence.

## I. BACKGROUND

Although stationed at Scott AFB and assigned to the 375th Healthcare Operations Squadron, Appellant's place of duty was a civilian medical clinic in the local area. Appellant became friends with two Airmen also stationed at Scott AFB and assigned to the clinic.

Appellant obtained LSD during a visit to Texas and spoke with his two military friends about using the drug together. Appellant convinced one of these friends to use it by telling him it would be out of his system in a few days. They all agreed to use LSD on base at the house of one of the Airmen. On 27 March 2021, and as part of this plan, Appellant drove onto Scott AFB with LSD

---

[1] All references in this opinion to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

concealed in his vehicle. He and his two friends used the LSD together at the friend's on-base house. Appellant spent the night and left the next morning. The wife of one of Appellant's friends learned about their drug use and made a notification which led to security forces investigating the matter and Appellant ultimately being charged in this case.

## II. DISCUSSION

### A. Reprimand Language

Appellant requests this court strike the third sentence of his reprimand because he claims the convening authority's language is inaccurate, inappropriate, and inflammatory. As explained below, we decline to do so.

#### 1. Additional Background

Appellant did not submit matters in clemency. After consulting with his staff judge advocate, the convening authority signed a Decision on Action memorandum on 1 February 2022. According to the memorandum, the convening authority took no action on the findings or sentence, but included the following reprimand language:

> You are hereby reprimanded! Not only was your judgment in this case exceptionally poor, your conduct was inexcusable and a disgrace to the Air Force. *Your willingness to use Lysergic Acid Diethylamide (LSD) with your wingmen and bring LSD onto the installation put the entire base population at risk.* As an Airman, you have a personal responsibility and commitment to uphold Air Force standards even when no one is watching. This act has brought your integrity and credibility into question. Your behavior demonstrated a lack of self-control and is an extreme departure from Air Force Core Values. From this point forward, I expect your conduct to be above reproach, as nothing less will be tolerated.

(Emphasis added).

Appellant did not contest the language of the reprimand in a post-trial motion. On appeal, Appellant takes issue with the italicized language above.

#### 2. Law

A Court of Criminal Appeals "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence" as it finds "correct in law and fact," and determines "on the basis of the entire record, should be approved." Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). We conduct "a de novo review of the record . . . for legal sufficiency, factual sufficiency, and sentence appropriateness." *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). The de

novo review standard requires this court to review the issue independently. *United States v. Ford*, 51 M.J. 445, 451 (C.A.A.F. 1999); *Timmons v. White*, 314 F.3d 1229, 1234 (10th Cir. 2003) (explaining "de novo means . . . a fresh, independent determination") (internal quotation marks and citation omitted).

A reprimand is an authorized court-martial punishment under Rule for Courts-Martial (R.C.M.) 1003. Specifically, the rule provides:

> A court-martial shall not specify the terms or wording of a reprimand. A reprimand, if approved, shall be issued, in writing, by the convening authority.

R.C.M. 1003(b)(1). The Discussion to R.C.M. 1003(b)(1) further provides,

> *Only the convening authority may specify the terms of the reprimand.* When a court-martial adjudges a reprimand, the convening authority shall issue the reprimand in writing or may disapprove, reduce, commute, or suspend the reprimand in accordance with R.C.M. 1109 or R.C.M. 1110.

(Emphasis added).

"A reprimand adjudged by a court-martial is a punitive censure." *United States v. McAlhaney*, 83 M.J. 164, 167 (C.A.A.F. 2023) (internal quotation marks omitted) (quoting R.C.M. 1003(b)(1), Discussion). We agree with our colleagues that a convening authority has "significant discretion" when issuing a reprimand based on a court-martial conviction. *United States v. Wolcott*, No. ACM 39639, 2020 CCA LEXIS 234, at *21 (A.F. Ct. Crim. App. 15 Jul. 2020). The reprimand should comport with "the offenses for which [an appellant] was sentenced and the evidence" supporting these offenses. *Id.* at *18. The reprimand should not, however, refer to dismissed, acquitted, or uncharged misconduct. *See id.*

An appellant's failure to object to a reprimand's factual language via a post-trial motion does not forfeit the issue on appeal. *McAlhaney*, 83 M.J. at 167. "[W]hether a challenge to the wording of the adjudged reprimand is reviewed by [this] court for legal sufficiency, factual sufficiency, or sentence appropriateness[,] . . . the appropriate standard of review is de novo." *Id.* at 166 (citation omitted).

### 3. Analysis

Appellant contends the specific language in the reprimand is not based on the offenses, the evidence, testimony admitted at trial, or other matters properly before the convening authority. The Government concedes the evidence in this case did not show that Appellant drove or performed his job under the influence of LSD. Nonetheless, the Government argues such evidence still supports the convening authority's language in the reprimand concerning the

potentially adverse impact of his LSD introduction and use on a military installation.

We have taken a fresh, independent review of the evidence and the language of the reprimand, that Appellant's actions "put the entire base population at risk." Black's Law Dictionary defines "risk" as "[t]he uncertainty of a result, happening, or loss; the chance of injury, damage, or loss; esp[ecially], the existence and extent of the possibility of harm." *Risk*, BLACK'S LAW DICTIONARY (11th ed. 2019). We find that the word "risk" may be fairly understood to correlate to a likelihood of harm and, as such, we find there was some likelihood of harm by Appellant introducing LSD to the base and using it in on-base housing. The presence of contraband drugs on a military installation has the potential to cause harm. The drugs could be used—knowingly or accidentally—and the impaired user could affect people or property anywhere on base, thereby putting an entire base population at risk.

We find Appellant's claim that the language is inaccurate, inflammatory, and inappropriate is not meritorious. Instead, Appellant's actions of introducing LSD onto Scott AFB and using LSD at his friend's house on base did "put the entire base population at risk" and the convening authority's finding of such a risk was a reasonable inference from the offenses and the evidence. The language in the reprimand is limited to the conduct in both specifications and does not state that Appellant caused actual harm. Accordingly, pursuant to Article 66(d)(1), UCMJ, we affirm this part of the sentence as it is correct both in fact and law, and should be approved.

## B. Trial Counsel's Sentencing Argument

Appellant requests this court reassess his sentence. He argues trial counsel made "pervasive and severe" improper arguments on four points. According to Appellant, these "repeated improper arguments offered the military judge numerous grounds for adjudging a sentence on a different basis than admitted evidence." We address each of Appellant's arguments below.

### 1. Additional Background

During the Government's sentencing argument, trial counsel stated the following regarding Appellant's workplace:

> Now, where [Appellant] works is an extremely relevant factor, in the situation. [Appellant], Airman [R], and Airman [H] all work out in the community, at the [ ] Family Medical Clinic . . . [a] civilian operated facility. But it's not just a clinic, it's an extension of the Air Force. It's an extension of the Air Force into our local community. We are representatives, and they are the face of the Air Force. And what did he do at work? He sought out two different employees, two different coworkers, two different

uniformed members of the Air Force, and made a plan to use drugs.

Trial counsel then argued the following with regards to the other Airmen's drug use:

It is worth looking at the adjectives that [Airman R] and [Airman H] use in their [written statements to law enforcement]: Bad trip; jumpy; panic; started seeing colors and shapes; freaking out. Both [Airman H] and [Airman R] needed to be calmed down at different points in the night. They both were having negative experiences with the drugs that were brought onto base by [Appellant]. Drugs they wouldn't have had access to, and wouldn't have used if not for his providing them, and for his knowledge of how it gets out of your system to coerce them into using it.

Trial counsel also argued with regards to Appellant's rehabilitation as follows:

Rehabilitation is the most important sentencing factor. And part of rehabilitation is knowing when to do the right thing. He's taken some accountability by showing up today and telling us that he made a mistake. That he broke the law; that he brought the controlled substance onto this base. But showing up when there's a deal on the table, is not the same thing as taking accountability. "Doing the right thing when nobody is watching" means not doing it in the first place, and when you make a mistake, owning up to it right away. He needs something to tie it to. And the best thing that he can tie his future decision-making skills to, is confinement. Knowing that his decision has consequences. That drug use has consequences. That bringing it onto a federal installation, an Air Force Base that he swor[e] to defend, has consequences.

Trial counsel's sentencing argument also contained a section about protection of the public, and included the following:

Possibly the most important factor to consider here. He is returning to the public. He is going out there and living with his co[-]conspirator, the person he did drugs with. They need a break. They have remained really good best friends up and through this process. They're still talking all the time, they're still hanging out; they're going to live together. The[y] see each other five to seven days a week. They need time apart, because when they're together they clearly make the wrong call.

> [Airman H] would not have used that drug, he would not have used LSD, on the 27th of March, if it wasn't brought onto this base.

Trial defense counsel did not object to any of the arguments made by trial counsel that Appellant now raises on appeal. However, trial defense counsel did object to a different remark by trial counsel. In response, the military judge made clear, "Trial [c]ounsel's argument is not evidence. I will be sure to consider the evidence and trial counsel is free to argue what he believes to be a fair inference."

**2. Law**

The issue of "improper [sentencing] argument is a question of law that we review de novo." *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011) (citation omitted). When trial defense counsel does not object to the complained-of comments, however, we review the issue for plain error. *Id.* (citation omitted). To be entitled to relief, an appellant "must prove the existence of error, that the error was plain or obvious, and that the error resulted in material prejudice to a substantial right." *Id.* (citation omitted). The error "materially prejudices the substantial rights of the accused when it has an unfair prejudicial impact on the [sentencing authority's] deliberations." *United States v. Knapp*, 73 M.J. 33, 37 (C.A.A.F. 2014) (internal quotation marks and citations omitted). The requirement contemplates a showing of a "reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Norwood*, 81 M.J. 12, 20 (C.A.A.F. 2021) (internal quotation marks and citation omitted). Because "all three prongs must be satisfied in order to find plain error, the failure to establish any one of the prongs is fatal to a plain error claim." *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2006).

"When arguing for what is perceived to be an appropriate sentence, the trial counsel is at liberty to strike hard, but not foul, blows." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000) (citations omitted). "It is appropriate for trial counsel—who is charged with being a zealous advocate for the Government—to argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *Id.* (citation omitted).

Three factors, known as the *Fletcher* factors, "guide our determination of the prejudicial effect of improper argument: (1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the weight of the evidence supporting the conviction." *United States v. Sewell*, 76 M.J. 14, 18 (C.A.A.F. 2017) (alteration and internal quotation marks omitted) (quoting *United States v. Fletcher*, 62 M.J. 175, 184 (C.A.A.F. 2005)). "In applying the *Fletcher* factors in the context of an allegedly improper sentencing argument,

we consider whether trial counsel's comments, taken as a whole, were so damaging that we cannot be confident that the appellant was sentenced on the basis of the evidence alone." *United States v. Halpin*, 71 M.J. 477, 480 (C.A.A.F. 2013) (alteration, internal quotation marks, and citation omitted).

When analyzing allegations of improper sentencing argument in a judge-alone forum, we presume a "military judge is able to distinguish between proper and improper sentencing arguments." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007).

What is not appropriate is argument "aimed at inflaming the passions or prejudices" of the sentencing authority. *Id.* Additionally, when trial counsel has no justifiable basis for an argument that an accused's membership in a certain military unit (as opposed to any other organization) was an aggravating circumstance, but still argues it, we will find trial counsel's comments improper. *United States v. Collins*, 3 M.J. 518, 520 (A.F.C.M.R. 1977). Put more succinctly, "absent evidence an accused's crimes in any way affected his duty—such argument is impermissible." *United States v. Gruninger*, 30 M.J. 1142, 1143 (A.F.C.M.R. 1990) (emphasis and citations omitted). We have described this as "tantamount to black letter law" and found that doing so "is simply not allowed unless there is some connection between an accused's duty position and the commission of the crime." *United States v. Rhodes*, 64 M.J. 630, 632 (A.F. Ct. Crim. App. 2007) (citations omitted), *aff'd*, 65 M.J. 310 (C.A.A.F. 2007).

### 3. Analysis

We conclude Appellant is not entitled to reassessment of his sentence. Appellant fails to show either error or a reasonable probability that, but for any alleged error, the sentence would have been different. We analyze this issue under a plain error standard of review as there was no defense objection. We do not, however, address each plain error prong individually because the failure to establish any one of the prongs is fatal to a plain error claim.

As to the first complained-of comment, which discussed Appellant's workplace, we find that trial counsel did not request a more severe punishment based on Appellant's job or unit of assignment. Trial counsel instead argued that there was some connection between Appellant's duty position and the commission of the crime, which is allowed. *Rhodes*, 64 M.J. at 632. The connection was that the workplace, a civilian medical center that services personnel from Scott AFB, is where Appellant met the other Air Force members who ultimately used the drugs Appellant purchased. Therefore, we find trial counsel's comments were proper and no misconduct exists.

As to the second complained-of comment, that Appellant "coerce[d] them into using" drugs, the stipulation of fact made clear that one of Appellant's co-

workers did not want to use drugs and declined the drugs, but finally used the drugs only after Appellant told him that it would be out of his system in a few days. Additionally, Trial counsel was correct in his argument that the drugs they used would not have been available to the other Airmen but for Appellant having access them, buying them, taking them onto base, and providing them to the others. Again, we find trial counsel's comments were proper.

As to the fourth complained-of comment, Appellant objects to trial counsel's remarks that Appellant needs confinement and that when he is released, he will be living with his "co-conspirator." While Appellant was not charged with conspiracy, trial counsel immediately referred to "the person [Appellant] did drugs with" after using the word "co-conspirator." Therefore, the adverse effect of using a legal term of art to describe the person Appellant did drugs with was minimal and we do not find error. Additionally, asking for confinement was not error because Appellant was going to receive some confinement based on the plea agreement. Trial counsel asked for 120 days of confinement, but the military judge sentenced Appellant to 31 days of confinement, which was just one day more than the minimum term of confinement required by the plea agreement. We find no error.

We continue our analysis as to the third complained-of comment by assuming, without finding, error and testing whether Appellant has shown material prejudice. *See United States v. Witt*, __ M.J. __, No. 22-0090, 2023 CAAF LEXIS 379, at * 6 (C.A.A.F. 5 Jun. 2023). We apply the *Fletcher* factors to determine if material prejudice occurred. *See Sewell*, 76 M.J. at 18 (quoting *Fletcher*, 62 M.J. at 184).

### a. Severity of Alleged Misconduct

The first *Fletcher* factor considers the severity of the misconduct. 62 M.J. at 184. As to this factor, we note Appellant did not object to any of trial counsel's sentencing remarks and the "lack of a defense objection is some measure of the minimal impact of a prosecutor's improper comment." *United States v. Gilley*, 56 M.J. 113, 123 (C.A.A.F. 2001) (internal quotation marks and citation omitted). We find the complained-of comments were minor and relatively insignificant to trial counsel's whole argument.

Appellant contends "trial counsel essentially argued that accepting a plea deal does not count as taking accountability." However, we find trial counsel's argument is tempered by his acknowledgement that Appellant has "taken some accountability by showing up today and telling us that he made a mistake. That he broke the law; that he brought the controlled substance onto this base." Even assuming, without deciding, the comments were improper, taken as a whole, the severity of the alleged misconduct was minimal.

### b. Curative Measures Taken

Regarding the second *Fletcher* factor, curative measures taken, we find that no curative instruction was necessary in this judge-alone forum. As noted above, when we analyze allegations of improper sentencing argument in a judge-alone forum, we presume a "military judge is able to distinguish between proper and improper sentencing arguments." *Erickson*, 65 M.J. at 225. Appellant has presented no evidence the military judge was unable to distinguish between proper and improper sentencing argument. Instead, the record shows the military judge made clear that "[t]rial [c]ounsel's argument is not evidence" and she "will be sure to consider the evidence and trial counsel is free to argue what he believes to be a fair inference."

### c. Weight of the Evidence Supporting the Sentence

As to the third *Fletcher* factor, the weight of the evidence supporting the sentence, we find this factor weighs heavily in the Government's favor. The evidence in this case was strong and uncontested, as it came from Appellant's own admissions to the military judge during his guilty plea inquiry and in his stipulation of fact. Appellant admitted he and his fellow Airmen who used the drugs worked together at a civilian medical center, and he stated to one of his fellow Airmen that the drugs would be out of his system in a few days. Appellant also drove onto the military base with the drugs and supplied the drugs to the other Airman. In accordance with his plea agreement, Appellant faced a punishment that would include a bad-conduct discharge and as much as 120 days of confinement as well as the other sentencing options available in any special court-martial. The adjudged sentence, however, which included a bad-conduct discharge, 31 days of confinement, 60 days of hard labor without confinement, reduction to the grade of E-1, and a reprimand, fell far short of Appellant's maximum exposure. We find the facts and circumstances in Appellant's case provide substantial justification to support the sentence, notwithstanding any of the complained-of comments. Therefore, the weight of the evidence supports the adjudged sentence.

To conclude, we find Appellant failed to meet his burden to demonstrate that any error resulted in material prejudice to a substantial right. After considering trial counsel's comments as a whole, we are confident Appellant was sentenced based on the evidence alone.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. *See*

Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.[2]



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[2] The entry of judgment and Statement of Trial Results state the plea and finding for each specification, but omit the plea and finding for the charge. Appellant asserts no prejudice from this omission. We find no prejudice and conclude that no relief is warranted.